TAYLOR *v.* GERRISH & *a.*

A statement by A, that if B would dig out a spring on A's land, stone it up, and lay pipes to convey the water to B's house, B might have the spring, creates a license merely, which may be revoked, even though B complies with A's offer.

Such license is revoked by a levy upon the premises of A, covering the spring, upon an execution against him.

Occupation of the spring on A's land begun by B under such license will not ripen into an easement, without some unequivocal act of B showing that his occupation is adverse to A.

The question whether an easement has been gained by prescription is one of fact to be found from the evidence.

TRESPASS. Facts found by a referee. The question is concerning the right to a spring on the plaintiff's land, and the right to maintain an aqueduct to bring water to the defendants' house.

The defendants' lot (with a portion of the plaintiff's) was conveyed, July 2, 1831, by one Eastman to Sarah Peabody, and by her, Aug. 19, 1844, to one Colby, and by Colby, April 3, 1858, to one Tay, and, June 2, 1865, by Tay's administrators to the defendants.

May 30, 1833, Eastman's heirs conveyed the lot on which the spring is located to one Ladd. He owned it until July 24, 1858, when it was set off on execution against him, and it is now owned by the plaintiff. There was no reservation of a right in the spring, either in the set-off or in the subsequent conveyances. Soon after the conveyance to Ladd, he gave Mrs. Peabody the right to the spring, saying to her that "if she would dig it out, and stone it up, and lay a pipe to convey water to her house, she might have it in welcome." She did dig it out, stone it up, and lay the pipe; and the water has continued to run from that time until some time in the summer or fall of 1874, and the defendants and their grantors

have occasionally entered to make such repairs as were necessary to keep the water running, without objection or opposition. It did not appear that any of the owners of the Ladd land, subsequent to Ladd, had any knowledge of the existence of the aqueduct, or of any claim or right to draw water from the spring, until this controversy arose.

The defendants claim a right to the spring and aqueduct, with a right to maintain the same under the gift from Ladd to Peabody, and by prescription. The referee found for the plaintiff.

*Barnard & Barnard*, for the plaintiff.

*Pike & Parsons*, for the defendants, to the point that the defendants had acquired a right by prescription, cited and commented on *Bullen* v. *Runnels*, 2 N. H. 257; *Watkins* v. *Peck*, 13 N. H. 360; *Wallace* v. *Fletcher*, 30 N. H. 434; *Stearns* v. *Janes*, 12 Allen 582; *Bealey* v. *Shaw*, 6 East 208, 215; *Arbuckle* v. *Ward*, 29 Vt. 43; 2 Washb. Real Prop., c. 1, s. 18; Washb. Easem., c. 1, ss. 4, 31; Ang. on Adv. Enj. 63, 73;—and, as to the effect of the gift by Ladd to Peabody, *Wendell* v. *Moulton*, 26 N. H. 41, 62; *Gage* v. *Gage*, 30 N. H. 420, 425; *Drew* v. *Towle*, 30 N. H. 531, 538; *Stevens* v. *Dennett*, 51 N. H. 324, 330; *Leonard* v. *Leonard*, 10 Mass. 281; *Barker* v. *Salmon*, 2 Met. 32; *Sumner* v. *Stevens*, 6 Met. 337; *Ashley* v. *Ashley*, 4 Gray 197; *Motte* v. *Alger*, 15 Gray 322; *Shirley* v. *Lancaster*, 6 Allen 31, 32; *Ripley* v. *Bates*, 110 Mass. 161; 2 Washb. Real Prop., c. 1, s. 20; Washb. Easem., s. 28.

STANLEY, J. The defence is placed on two grounds,—first, under a gift from Ladd to Peabody; second, under a right by prescription. The facts found by the referee are, that Ladd, soon after the conveyance to him in 1833, gave Mrs. Peabody the right to the spring if she would dig it out, stone it, and lay a pipe to convey the water to her house. She did dig out the spring, stone it, and lay the pipe, and the water continued to run until 1874, when this controversy arose.

The gift of Ladd to Peabody was a license merely, and did not and could not convey an easement in the land or in the spring. The right to the spring was an incorporeal right, and could only be created by deed, or by user, under such circumstances and for such a period as to furnish evidence from which it might be inferred that there was a deed. It could not be created by parol, or by writing not under seal. *Stevens* v. *Dennett*, 51 N. H. 324, 331; *Hewlins* v. *Shippam*, 5 B. & C. 221, 229; *Cocker* v. *Cowper*, 1 Cr. M. & R. 418; Gale & Wh. 12; Godd. Easem., Bennett's ed., 88. Being a license, it was revoked by the set-off on the execution against Ladd. *Harris* v. *Gillingham*, 6 N. H. 9; *Carleton* v. *Redington*, 21 N. H. 291, 305; *Cowles* v. *Kidder*, 24 N. H. 364, 379; *Houston* v. *Laffee*, 46 N. H. 505, 507; *Dodge* v. *McClintock*, 47 N. H. 383,

385; *Stevens* v. *Dennett, supra; Blaisdell* v. *R. R.*, 51 N. H. 483, 485; *Cook* v. *Stearns*, 11 Mass. 533, 538; *Drake* v. *Wells*, 11 Allen 141; Godd. Easem., Bennett's ed., 475; Gale & Wh. 353; Washb. Easem. 5, 19.

Title by prescription can only be acquired by an adverse, exclusive, uninterrupted use, sufficiently long continued (in this state for twenty years) under a claim of title, and with the knowledge and acquiescence of the owner of the land. It must be under a claim of legal right, and not by consent, permission, or indulgence, and these facts must be proved by the party claiming the easement. *Wallace* v. *Fletcher*, 30 N. H. 434, 448; *Burnham* v. *Kempton*, 44 N. H. 78, 88; *Gilford* v. *Lake Co.*, 52 N. H. 262; *Sargent* v. *Ballard*, 9 Pick. 251; *Smith* v. *Miller*, 11 Gray 145; *White* v. *Chapin*, 12 Allen 516; Washb. Easem. 110, 111; Godd. Easem., Bennett's ed., 172; 2 Gr. Ev., *s.* 539; and authorities *passim.* From 1833 to 1858, when Ladd parted with his title, the user was permissive, and therefore, down to 1858, neither the defendants nor their grantors had acquired a title by prescription. Whether the user, since 1858, has been such that, if sufficiently long continued, it would have ripened into an easement, we need not consider, for, whatever the use was after that time, it was interrupted in 1874 by the controversy between the parties. It is true that an uninterrupted use for twenty years, unexplained, is evidence from which the jury may find a prescriptive right, but the facts under which the user in this case commenced are a sufficient explanation. The user having been commenced under Ladd's license, if the defendants and their grantors would have had their user adverse, they should have done some unequivocal act showing such intention, but nothing of that character is found.

There is another conclusive answer to the defendants' case. The question whether the defendants, and those under whom they claim, had acquired an easement in the plaintiff's land by long user, was a question of mixed law and fact, and was to be determined by the referee upon evidence. His finding for the plaintiff is a finding that the user by the defendants and their grantors was not of a character to create an easement in the plaintiff's land in their favor. *White* v. *Chapin, supra.*

*Judgment on the report.*

FOSTER, J., did not sit: the others concurred.