Rockingham,
Jan. 6, 1931.

SAMUEL W. EMERY *v.* SALLY W. HOVEY.

*Samuel W. Emery, pro se.*

*Conrad E. Snow,* for the defendant.

PEASLEE, C. J.   The record shows that the plaintiff had previously sued the same cause of action in the supreme judicial court of the state of Maine, that a trial by jury was had, that upon direction of the presiding justice the jury returned a verdict for the defendant and that judgment was entered upon the verdict.   This judgment was pleaded in bar of the present action.   The ruling that the plea stated a good defence was correct.   Const. of U. S., Art. IV, *s.* 1.

Whatever error there may have been in the ruling of the justice presiding at the trial in the Maine suit was correctible only in the Maine courts.   The ruling having been submitted to and a final judgment having been entered in accordance therewith, the whole subject is foreclosed in the courts of any other state.   The historic case, *Kittredge* v. *Emerson,* 15 N. H. 227, established in this jurisdic-

tion the doctrine that the judgment of a court of record, having jurisdiction of the parties and the cause, is conclusive in the courts of every other state and of the United States, no matter how erroneous in law or in fact that judgment may be. This has been accepted law ever since. *Downer* v. *Shaw*, 22 N. H. 277; *Rogers* v. *Odell*, 39 N. H. 452; *Tibbetts* v. *Shapleigh*, 59 N. H. 319; *Metcalf* v. *Gilmore*, 59 N. H. 417; *McDonald* v. *Drew*, 64 N. H. 547; *Weeks* v. *Harriman*, 65 N. H. 91. If there were any disposition to depart from it, the construction put upon the constitutional provision before cited by the supreme court of the United States would forbid such action. *Tompkins* v. *Blakey*, 70 N. H. 584, and cases cited.

The plaintiff's claim that the Maine judgment was entered without jurisdiction and therefore is not conclusive here (*South Bay Company* v. *Merrill*, 77 N. H. 1), is unsound, because there was complete jurisdiction in the present instance. The cause of action set up was a transitory one, justiciable in any court having jurisdiction of the parties. *Shiatte* v. *Company*, 81 N. H. 294, and cases cited. The plaintiff chose the jurisdiction in which to prosecute his claim. The defendant appeared in answer to the summons, issue was joined and a trial had. The plaintiff was entitled to a hearing and was heard upon the merits of his claim. Judgment against him was entered because the claim he presented was not a recoverable one under the laws of that state.

There is no suggestion that the Maine judgment is not a complete bar to any further action in that state. It is equally effective here. "Thus and thus only can the full faith and credit prescribed by the Constitution of the United States and the act of Congress be secured." *Hancock National Bank* v. *Farnum*, 176 U. S. 640; *Tompkins* v. *Blakey*, 70 N. H. 584, 586.

*Exception overruled.*

SNOW, J., did not sit: the others concurred.