Hillsborough, } No. 3560.
Jan. 2, 1946. }

WILLIAM R. LOVEJOY (*Alfred C. Gaunt, plaintiff in interest*)

*v.*

ASA ASHWORTH.

*Albert H. White* (by brief and orally), for the plaintiff.

*J. Morton Rosenblum* (by brief and orally), for the defendant.

JOHNSTON, J.   No facts are alleged by the defendant which show that the New York court did not have jurisdiction of the parties and the subject matter of the suit in that state.   Any alleged facts of fraud in obtaining the judgment of that court could have been litigated in the original action.   "The judgment upon which the action is brought, and upon which the plaintiff relies if the court where the judgment was rendered had jurisdiction, is conclusive between the parties, and cannot be reversed, set aside or impeached, for fraud in obtaining it, in this suit."   *McDonald* v. *Drew*, 64 N. H. 547.

Accordingly it was correctly ruled that the judgment obtained cannot be impeached collaterally.   *Emery* v. *Hovey*, 84 N. H. 499, and cases cited.

However, it appears from the judgment roll that the issue raised by the defendant's answer and plea of recoupment, namely, that he was induced to give said note by the deceit of the plaintiff in interest, was not raised by the pleadings.   The action went by default, so that the issue was not tried.   The judgment obtained then does not bar the defendant from raising this issue in a later suit upon a different cause of action.   "There is a difference sometimes overlooked between the

effect of a judgment as a bar to the prosecution of a second action for the same cause, and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case, a judgment on the merits is an absolute bar to a subsequent action: it concludes the parties, not only as to every matter which was offered and received to sustain or to defeat the suit, but also as to any other matter which might have been offered for that purpose. But in the latter case, the judgment in the prior action operates as an estoppel only as to those matters which were then directly in issue, and either admitted by the pleadings or actually tried." *Metcalf* v. *Gilmore*, 63 N. H. 174, 189. See *Copeland* v. *Reynolds*, 86 N. H. 110; *Webster &c. Bank* v. *Fuller*, 85 N. H. 186; *Winnipiseogee &c. Company* v. *Laconia*, 74 N. H. 82; *Bascom* v. *Manning*, 52 N. H. 132; Restatement, Judgments, s. 68 (2). The subsequent action may, as in the present case, consist of recoupment or equitable set-off if it is the proper subject matter of such pleas in an action on the former judgment, where the party alleged to be guilty of the fraud has become the assignee of the judgment.

The defendant's claim founded upon Gaunt's deceit is correctly raised by his plea of recoupment. Whether the plea is one of recoupment or equitable set-off is immaterial. The plaintiff in interest is a non-resident seeking the aid of our courts. The alleged deceit arises out of the same transaction as the judgment sued on. Even a tort under the present circumstances can be made the basis for such a claim as the defendant makes in his so-called plea of recoupment. *Moylan* v. *Lamothe*, 92 N. H. 299. See also, *Vernon &c. Corp.* v. *Company*, 93 N. H. 315; *Arcadia &c. Mills* v. *Company*, 89 N. H. 188.

The amendment of the defendant's answer and plea was within the discretion of the Trial Judge.

*Plaintiff's exception overruled;*
*defendant's exception sustained.*

All concurred.