Coos,
No. 4532.

LILLIAN M. SAMPSON, *Trustee*

*v.*

ARTHUR J. CONLON.

Submitted October 2, 1956.
Decided October 31, 1956.

*George H. Keough* for the plaintiff.

*Hamblett, Moran & Hamblett* for the defendant, furnished no brief.

GOODNOW, J. The copy of the Massachusetts judgment offered by the plaintiff's attorney was properly authenticated. *Moore v. Moore*, 96 N. H. 130, 131. The defendant's contention that it was inadmissible without testimony "as to what the paper was" cannot be supported. The record of the Massachusetts court was certified by the clerk who had the custody and control of the original records in that state as a true and attested copy and "his certificate is evidence of what [it is]." *Folsom* v. *Blood*, 58 N. H. 11, 12. No further identification was required to render it admissible in evidence.

The defendant also contends that the Massachusetts record was inadmissible until the persons named therein were identified as the plaintiff and defendant in the action in this state. By the final decree of the court in that state, to which Conlon "assented," the defendant is identified as "Arthur J. Conlon" and the plaintiff as "Lillian M. Sampson, Trustee," the identical names and title which appear on the writ in the action brought in this state. When the names given in full are the same, the identity of the person sued with the one against whom the judgment was recovered may generally be presumed. 50 C. J. S., Judgments, *s.* 884a. A comparison of the record of the Massachusetts court and that in this state shows nothing inconsistent with this presumption. Instead, it serves to identify the parties in the action here as the same persons involved in the Massachusetts proceeding. The record

from Massachusetts discloses that service of process in that action was made upon Conlon at the "Harvard Club, 374 Commonwealth Ave., Boston," this being the same address at which service was made upon him in the action brought here. The plaintiff in this action, Lillian M. Sampson, Trustee, is so described in the Massachusetts decree and her address, as it appears in that action, is identical with that contained in the writ brought in this state, that is, "486 Jerusalem Road, Cohasset." Under these circumstances, no reason appears why further identification of the parties by the plaintiff was required.

The plaintiff introduced no evidence other than the authenticated copy of the Massachusetts judgment. The defendant, who introduced no evidence, moved for a nonsuit at the close of the plaintiff's case on the ground that she had failed to prove that Conlon had not paid the judgment. His motion was properly denied.

A judgment validly rendered is presumed to remain in force and unsatisfied until the contrary appears. 50 C. J. S., Judgments, s. 884a. Payment or satisfaction is an affirmative defense the burden of proving which is on the defendant. *Morse* v. *Pearl*, 67 N. H. 317, 318; 31 Am. Jur., Judgments, ss. 858, 859. Since the authenticated copy of the Massachusetts record does not indicate that the judgment rendered there has been satisfied, it presumably has not been.

*Judgment on the verdict.*

All concurred.