Belknap,
No. 5729.

PAUL R. McGRATH &a.

*v.*

FRANCIS JOSEPH McGRATH AND DORIS M. McGRATH.

Argued September 5, 1968.
Decided March 20, 1969.

*Porter & Hollman (Mr. Philip S. Hollman* orally), for the plaintiffs.

*Cooper, Hall & Walker (Mr. George W. Walker* orally), for the defendants.

PER CURIAM. Bill in equity brought by Paul R. McGrath, individually and as administrator of the estate of Anna G. Mc-Grath, and four other children of Francis James McGrath and Anna G. McGrath and heirs of Anna G. McGrath against Francis Joseph McGrath (brother of the plaintiffs) and Doris M. Mc-Grath, his wife. The petition alleges in part that on September

6, 1955 the parents, Francis James and Anna, owned a general store in Alton and that they entered into an agreement with the defendants to sell them the store. The agreed purchase price was $52,000 of which $15,000 was paid in cash raised by a first mortgage coincidental with the passage of title and the balance to be paid at the rate of $45 per week with the usual allocation to interest and principal. The agreement further provided that the balance due on the purchase price would be secured by a second mortgage to the parents and that the balance remaining due on the second mortgage would be considered as paid in full upon the death of the survivor of the parent sellers.

The petition alleges that the plaintiff Paul McGrath requested the defendants to enter into this agreement, that the parents were not legally competent, and that the survivorship clause was inserted at the insistence of the defendants who assured Paul that regardless of the survivorship clause all the brothers and sisters would get their share and in addition Patricia Nelson, one of the plaintiff children (then eighteen years old), would receive her college education.

The petition alleges that the second mortgage provided for in the agreement was never executed but that all payments in accordance with the agreement were made during the lifetime of the parents until the death of Anna G. McGrath (the surviving parent) on November 15, 1962. The petition alleges that the defendants have refused to pay the plaintiffs the balance due on the sale and that as a result of the fraud and misrepresentation practiced upon the parents the defendants have been unjustly enriched. The petition prays that the agreement either be declared void or reformed by striking out the survivorship clause and that the defendants be required to pay the balance due on the agreement to be divided equally among the six children. The petition further prays that the defendants be required to pay to Patricia Nelson the reasonable cost of a college education in addition to her share.

The defendants filed a plea in bar on March 1, 1966 reciting that there was then pending in the Supreme Court an action at law brought by Paul R. McGrath, administrator of the estate of Anna G. McGrath, against the defendants arising out of the same facts and involving the same cause of action. They prayed that they not be required to answer the bill in equity pending a determination of the action at law and, in the event the Supreme

Court found in favor of the defendants, that the bill be dismissed.

The action then pending in the Supreme Court had been transferred on an agreed statement of facts. It set forth the purchase of the store by the defendants and the agreement with reference to the payment. The reserved case as quoted in *McGrath* v. *McGrath*, 107 N. H. 242, 243 contains the following language: "The plaintiff is the administrator of the estate of Anna G. McGrath, and claims that the provision in the agreement quoted above reciting that upon the death of the survivor of the two sellers that the mortgage would be considered as paid in full is invalid and of no effect because it constitutes a testamentary disposition of a portion of the estate of Anna G. McGrath, and that while he does not contest the validity of the execution of the agreement in this matter, he asserts that this agreement may not be construed as properly transferring, either inter vivos or in expectation of death or as a testamentary disposition any interest in the property of Anna G. McGrath.

"The Court transfers this question without ruling. If the Supreme Court decides against the plaintiff upon this question, there will be judgment for the defendant."

*McGrath* v. *McGrath, supra,* 107 N. H. 242 was argued May 3, 1966 and judgment was rendered for the defendants June 30, 1966. On October 3, 1967 the Trial Court (*Griffith,* J.) sustained the defendant's plea in bar and *Keller,* J., reserved and transferred the plaintiffs' exception.

The prior case was brought by the administrator of the estate. The present one is brought by the administrator both in his capacity as administrator and individually, together with four other children opposing the defendants. In both cases the plaintiffs seek to recover money owed to the estate. Although the actual mortgage was not executed in this case the transaction constituted an equitable mortgage as between the parties. See 59 C. J. S. Mortgages, *s.* 14. Either as money owed to the estate or as a mortgage debt the administrator was entitled to bring an action for its recovery. RSA 556:15; *Pierce* v. *Jaquith,* 48 N. H. 231, 234. The administrator in bringing an action is sole trustee for all the beneficiaries of the estate and his actions bind them. *Cogswell* v. *Railroad,* 68 N. H. 192, 195. It follows therefore, that for the purposes of this case the parties are the same in both actions. 50 C. J. S. Judgments, *s.* 814 b (2).

The remaining question presented is whether the issue now

raised in the present case was disposed of in *McGrath* v. *McGrath, supra,* 107 N. H. 242. Collateral estoppel bars the plaintiff from relitigating issues which he lost in the previous action. Restatement, Judgments, *s.* 68. Res judicata as applied to the same action between the same parties absolutely bars the plaintiff as to all issues that might have been raised in the first action. *Metcalf* v. *Gilmore,* 63 N. H. 174, 189; *Sibson* v. *Robert's Express,* 104 N. H. 192. Where as here the actions are different, the inquiry must be directed in more detail to the prior action to determine whether in fact the issues raised in the present bill in equity were determined adversely to the plaintiffs in the prior assumpsit action. *Ainsworth* v. *Claremont,* 108 N. H. 55; *Laconia Nat. Bank* v. *Lavallee,* 96 N. H. 353; *Lovejoy* v. *Ashworth,* 94 N. H. 8.

The original action was brought in assumpsit on April 18, 1963. The defendants filed a motion for further specifications and on October 13, 1964 a hearing on the motion was held before *Grant,* J. At this hearing both the Trial Court and defense counsel inquired whether there was to be a claim that the agreement was invalid because of infirmities or lack of legal capacity to sign it by the parties. Counsel for the plaintiff while expressing some lack of knowledge of the case because he had taken over the file from another member of the firm waived any claims of this nature and stated their claim was limited to the one issue of whether the agreement violated the statute of wills. On the date set for trial, February 11, 1965, plaintiff filed a motion to amend by adding a count alleging defendants unjustly "disseized" parents and praying for a writ of possession. This motion also requested a continuance on the ground that the testimony of a physician not then available was required. This motion was denied both as to the proposed amendment and continuance and no exception was transferred. The statement of facts agreed to by counsel in the prior transfer to this court as previously quoted states that plaintiff does "not contest the validity of the execution of the agreement in this matter . . . ."

The present bill in equity in the main alleges fraud in the execution of the agreement and that the parents were incompetent at the time of its execution by them. It alleges that the plaintiff administrator was present and participated in the entire transaction. It cannot now be argued that his knowledge at the time of the filing of the bill in equity was not the knowledge of his

counsel in the pre-trial hearings that preceded the agreed statement of facts in the prior action. The very looseness of our pleadings requires liberal discovery practice and defendants were entitled under them to inquire as to the possibility that the claim now being made was to be made in the original suit. They did so inquire and were informed both in the hearing on the motion for discovery and in the agreed statement of facts that no claim was made that the execution of the agreement was invalid or the parents were incompetent to enter into it. This was within the authority of counsel and defendants were entitled to assume that the issue was disposed of. *Leonard* v. *Aranosian Oil Co.,* 103 N. H. 107; *Burtman* v. *Butman,* 94 N. H. 412; *Couillard* v. *O'Connor,* 97 N. H. 89. As to all issues relating to the validity of the execution of the agreement plaintiffs are now collaterally estopped by the prior judgment. The plaintiffs are not entitled to the relief prayed for.

*Exception overruled; judgment for defendants.*

GRIMES and GRIFFITH, JJ., did not sit; the others concurred.