Rockingham
No. 7173

STATE OF NEW YORK

v.

GEORGE F. ROONEY

October 31, 1975

*Paul A. Rinden* and *Jay M. Niederman (Mr. Niederman* orally) for the State of New York.

George F. Rooney, by brief and orally, pro se.

PER CURIAM. The questions presented by the exceptions of both parties to rulings by the superior court including dismissal of the plaintiff's suit to enforce a New York judgment and disallowance of the defendant's counterclaim were reserved and transferred by the Presiding Justice, *Perkins,* J.

On November 30, 1972, a default judgment was entered against the defendant in an action in New York brought by the plaintiff to recover certain overpayments under a contract for services rendered by the defendant in New York. Subsequently, the plaintiff brought the present action to enforce the New York judgment. Again the defendant defaulted, and judgment was entered against him on June 15, 1973, by *Perkins,* J. Thereafter, the judgment was vacated *(Morris,* J.) and the defendant filed an answer and a counterclaim for monies owed. At a subsequent hearing before *Perkins,* J., the Court ruled that the New York judgment "is an *in rem* judgment and therefore the action on said judgment in New Hampshire does not lie and accordingly is dismissed".

Examination of the record before us indicates that the New York judgment was a valid in personam judgment entitled to full faith and credit in our courts. *Sampson v. Conlon,* 100 N.H. 358, 126 A.2d 250 (1956); *Moore v. Moore,* 96 N.H. 130, 71 A.2d 409 (1950); *Emery v.*

*Hovey,* 84 N.H. 499, 153 A. 322 (1931). The contract was entered into in New York and entirely performed in New York. By the time the New York action was commenced, the defendant was a resident of Kensington, New Hampshire. It is not disputed that he was served personally in New Hampshire in that action, in compliance with the New York long-arm statute, by a representative of the Rockingham County sheriff's office. *See* C.P.L.R. § 313. Nor has the defendant averred that the New York long-arm statute cannot constitutionally reach him in this case. C.P.L.R. § 302 (a); *Pennoyer v. Neff,* 95 U.S. 714 (1877); *International Shoe Co. v. Washington,* 326 U.S. 310 (1945); *Longines-Wittnauer Co. v. Barnes & Reinecke,* 15 N.Y. 2d 443, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965); *see Roy v. Transairco Inc.,* 112 N.H. 171, 291 A.2d 605 (1972); *Leeper v. Leeper,* 114 N.H. 294, 319 A.2d 626 (1974); *Kinchla v. Baumner,* 114 N.H. 818, 330 A.2d 112 (1974). The existence of the judgment was properly pleaded and on the present state of the record the plaintiff's action was erroneously dismissed. The order of the trial court is vacated.

*Exceptions sustained; remanded.*

GRIMES, J., did not sit.