Hillsborough
No. 91-577

ERG, INC.

v.

THEODORE BARNES & a.

ERG, INC.

v.

CARL SCHMELZER

May 11, 1993

*Stanton E. Tefft*, of Bedford, and *Bouchard & Mallory*, of Manchester (*Mr. Tefft* and *Kenneth G. Bouchard* on the brief, and *Mr. Tefft* orally), for the plaintiff.

*Nelson, Kinder, Mosseau & Gordon, PC*, of Manchester (*Martha V. Gordon* on the brief and orally), for defendants Theodore Barnes & a.

*Ford, Ford & Weaver*, of Portsmouth (*Debra Weiss Ford* on the brief and orally), for defendant Carl Schmelzer.

BROCK, C.J. The plaintiff, ERG, Inc. (ERG), appeals from an order of the Hillsborough County Superior Court (*Dalianis,* J.) dismissing the writs in these cases based on collateral estoppel. We affirm in part and reverse in part.

These actions stem from prior litigation between defendant Carl Schmelzer and ERG over a broker commission. Defendants Theodore Barnes and the law firm of Barnes, Bender & Chynoweth represented Schmelzer in the lawsuit against ERG and its president, Raymond McCoole. The trial court ruled in favor of ERG and McCoole. ERG and McCoole then brought four separate malicious prosecution actions against the defendants, two in the Hillsborough County Superior Court by ERG (*ERG, Inc. v. Barnes & a.* and *ERG, Inc. v. Schmelzer*), and two in the Rockingham County Superior Court by McCoole (*McCoole v. Barnes & a.* and *McCoole v. Schmelzer*). All actions arose out of the same set of facts.

The defendants filed motions to dismiss in all four cases. The motion to dismiss in *McCoole v. Barnes & a.* was heard first, and the other three motions to dismiss were held in abeyance pending its outcome. After a hearing, the Rockingham County Superior Court (*Gray*, J.) granted the motion to dismiss on grounds that the writ failed to state a cause of action. McCoole filed a motion to reconsider, and motions in all four cases were filed to amend the writs. In Rockingham County, the motion to amend in *McCoole v. Schmelzer* was granted on August 23, 1991; the motions to reconsider and to amend in *McCoole v. Barnes & a.* were denied on August 26 and not appealed. On October 23, 1991, the Hillsborough County Superior Court (*Dalianis*, J.) granted the motions to amend in *ERG, Inc. v. Barnes & a.* and *ERG, Inc. v. Schmelzer*, but then dismissed both amended writs based on collateral estoppel. Schmelzer's motion to dismiss *McCoole v. Schmelzer* was denied by the Rockingham County Superior Court on November 1, 1991. ERG moved for reconsideration of the decision of the Hillsborough County Superior Court, which was denied, and this appeal followed.

■ For collateral estoppel to apply, "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so." *Daigle v. City of Portsmouth*, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987). "These conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question." *Id.* ERG argues that the court erred in applying collateral estoppel because the issue of whether probable cause existed at the time Barnes initiated the litigation against ERG and McCoole was not finally resolved on the merits in the Rockingham County action.

ERG contends that the court's dismissal of the writ in *McCoole v. Barnes & a.* for failure to state a cause of action was based merely on a procedural defect in the pleadings, and that under this court's holding in *LaRoche, Administrator v. Doe*, 134 N.H. 562, 565, 594 A.2d 1297, 1300 (1991), a new writ could be refiled at a later date. Thus, the plaintiff concludes, the dismissal of the writ in *McCoole v. Barnes & a.* could not support dismissal of its two actions based on collateral estoppel.

■ This court has held that the dismissal of a writ for failure to state a cause of action is a dismissal on the merits. *Colebrook Water Co. v. Commissioner of Dep't of Pub. Works*, 114 N.H. 392, 394–95, 324 A.2d 713, 715 (1974). "A dismissal for failure to state a cause of action does not rest upon a purely procedural ground, but rather upon the conclusion of the trial judge that the cause alleged is without substantive merit." *Id.* at 395, 324 A.2d at 715. In contrast are "purely procedural dismissals," *id.*, such as the plaintiff's failure in *LaRoche* to name an individual defendant, *LaRoche supra*, which do not bar subsequent actions. *Accord* RESTATEMENT (SECOND) OF JUDGMENTS § 20, at 170 (1980).

■ Such a rule is consistent with modern rules of pleading and particularly with this State's liberal doctrine of amendment. *See* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE §§ 243–47, at 176–82 (1984 & Supp. 1992–93); RESTATEMENT (SECOND) OF JUDGMENTS § 19 comment *a* at 161–62 (1980) (such a result is warranted by ease of amending pleadings and unfairness of second action when no amendment sought or no appeal from denial of motion to amend taken). To assure that the opportunity for amendment has practical meaning, however, the plaintiff must be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (court should not dismiss without granting leave to amend); *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) (plaintiff given full opportunity to amend complaint); *Osserman v. Jacobs*, 369 Mass. 200, 204, 339 N.E.2d 193, 195 (1975) (second action barred because plaintiff given leave to amend defective complaint and court found amended complaint defective). Once leave to amend has been given, a second action will be precluded where the plaintiff fails to amend or the amendment fails to cure the deficiency. *See Osserman*, 369 Mass. at 204, 339 N.E.2d at 195. "In each instance the plaintiff has been given two chances to state his case and is not entitled to burden the courts and opposing parties with further attempts." *Id.* at 204–05, 339 N.E.2d at 195.

McCoole's remedy from the trial court's denial of the motion to amend in *McCoole v. Barnes & a.* was to appeal, not to file a new action. *Colebrook supra.* The dismissal of *McCoole v. Barnes & a.* is, therefore, final regardless of whether the denial of the motion to amend was error. We note that McCoole's failure to appeal, however, did not penalize the plaintiff in this case, because the amended writ also fails to state a claim upon which relief can be granted against Barnes.

In determining whether a motion to dismiss should be granted, the court assumes all factual allegations to be true, and the reasonable inferences that can be drawn from those facts are construed in the plaintiff's favor. *Cannata v. Town of Deerfield*, 132 N.H. 235, 240, 566 A.2d 162, 165 (1989). The court will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including the statement of conclusions of fact and principles of law. *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 45, 534 A.2d 706, 708 (1987).

A successful action for malicious prosecution requires proof that the plaintiff was subjected to a civil proceeding instituted by the defendant, *Ferry v. Ferry*, 94 N.H. 395, 397, 54 A.2d 151, 153 (1947), without probable cause and with malice, *Cohn v. Saidel*, 71 N.H. 558, 563, 53 A. 800, 803 (1902), and that the proceedings terminated in the plaintiff's favor, *id.*

> "An attorney who initiates a civil proceeding on behalf of his client . . . is not liable if he has probable cause for his action. . . . An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances."

RESTATEMENT (SECOND) OF TORTS § 674 comment *d* at 453 (1976). The existence of probable cause is a question of law for the court when, as here, the facts are taken as established.

The facts most favorable to ERG are that McCoole signed an exclusive listing agreement with Schmelzer to sell the assets of ERG; that Schmelzer produced a potential buyer and, after consulting with Barnes, prepared a purchase and sale agreement; and that no sale of the assets occurred because the purchase and sale agreement contained contingencies unacceptable to the seller and the par-

ties could not resolve the differences. Based on these facts, the writ states that "the defendant Barnes knew or should have known that under basic contract law Schmelzer was not entitled to a commission . . .; nevertheless, he carelessly, unlawfully and negligently and without probable cause, did commence actions . . . against the plaintiff . . . claiming such a commission." This statement does nothing more than assert a principle of law and a conclusion of fact. As such, we hold that ERG has failed to plead specific facts that could support the ultimate legal conclusion asserted that Barnes acted without probable cause and with malice in bringing the previous lawsuit. *See Jay Edwards, Inc. v. Baker*, 130 N.H. at 45, 534 A.2d at 708.

 Returning to the application of collateral estoppel, we find it apparent that in fact defendant Barnes was entitled to the broader remedy of res judicata. "The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711–12 (1987) (quotation omitted). The term "cause of action" embraces all theories on which relief could be claimed arising out of the same factual transaction. *Id.* at 275, 525 A.2d at 712. We find each of the requisite elements present here: the dismissal for failure to state a cause of action was a final decision on the merits; no one disputes that ERG and McCoole are in privity with each other; and the actions in Hillsborough and Rockingham arose from the same factual basis. Accordingly, we affirm the dismissal of *ERG, Inc. v. Barnes & a.*

The application of collateral estoppel to Schmelzer was, however, improper. As indicated above, collateral estoppel requires that the issue subject to estoppel be identical to the issue in the prior action that was resolved on the merits. *See Daigle v. City of Portsmouth*, 129 N.H. at 570, 534 A.2d at 693. In dismissing the writ against Schmelzer, the Hillsborough court reasoned that the issue of whether Schmelzer had probable cause to institute the lawsuit against ERG and McCoole was identical to that already determined in the Rockingham action; to wit, that McCoole did not allege sufficient facts to prove that he had been subjected to the initial suit without probable cause by Barnes.

 An action for malicious prosecution against an attorney, however, has different legal standards from that against the client, and the defenses raised by each party are in all likelihood different. *See* RESTATEMENT (SECOND) OF TORTS §§ 674–76, at 452–64 (1976).

For example, the advice of an attorney is a protection from liability to one who initiates proceedings if he "fully discloses to the attorney all the facts that are within his information." *Id.* § 666 comment *f* at 436. Therefore, we cannot say that the Rockingham court's ruling that McCoole did not prove that he had been subjected to the underlying suit without probable cause by Barnes also resolved the issue whether the suit was brought without probable cause by Schmelzer. This conclusion is further supported by the fact that the court subsequently denied the defendant's motion to dismiss in *McCoole v. Schmelzer.* We therefore reverse the court's order dismissing the writ in *ERG, Inc. v. Schmelzer.*

*Affirmed in part; reversed in part.*

HORTON, J., concurred specially; the others concurred.

HORTON, J., concurring specially: The trial court erred when it dismissed these cases on the grounds of collateral estoppel. What was decided by Judge Gray in the Rockingham *Barnes* case was that the original writ failed to state a cause of action. He did not determine the presence or absence of probable cause. It is the determination of the question of law, whether the writ supported a cause of action, that would have been precluded in the Hillsborough cases. Because the Hillsborough court permitted amendment, a different issue was before the court.

The majority opinion, implicitly acknowledging this error, properly moves to a consideration of res judicata. Does dismissal for failure to state a claim preclude reassertion of the cause of action in a subsequent proceeding? The correct answer is given. The Hillsborough plaintiff, being in privity with the Rockingham plaintiff, is precluded from reasserting the cause of action against Barnes. We refine the rule in *Colebrook Water Co. v. Commissioner of Dep't of Pub. Works*, 114 N.H. 392, 324 A.2d 713 (1974), by limiting the res judicata preclusive effect of such a dismissal to cases where opportunity to amend has been granted before dismissal or where, as in this case, such opportunity has been denied and no appeal taken from the denial. I am satisfied with this rule, as refined.

In addition to finding that res judicata bars the Hillsborough case against Barnes, and thereby finding grounds to support the dismissal, the majority reviews the amended pleading against Barnes and finds that it fails to state a cause of action. I disagree with this alternate ground for affirming the Hillsborough dismissal against Barnes. Review of the amended pleading convinces me that it states

a cause of action with sufficient factual allegations, which, if proven, would support a finding against Barnes. Because the case is properly dismissed, my disagreement is nothing more than intellectual.

The res judicata preclusion does not support a dismissal of the Hillsborough *Schmelzer* case. This is a different cause of action. Both the element of probable cause and the element of malice take on completely different faces when asserted against the client, rather than the lawyer. Nor, as we have seen, is collateral estoppel appropriate on this amended writ. The reversal of the Hillsborough *Schmelzer* dismissal is correct. Since the language of the amended writs against Barnes and Schmelzer is quite similar, I am troubled by the majority's conclusion that *ERG, Inc. v. Barnes & a.* fails to state a claim, but impliedly, *ERG, Inc. v. Schmelzer* does. Since I am convinced that the former does state a claim, my trouble is also intellectual. I concur in the result reached by the majority.