[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to enforce a foreign judgment in the amount of $6,746.92 rendered in the State of New York on April 7, 1993. Because that judgment was rendered by default, it is not entitled to enforcement under the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq. See General Statutes § 52-604. Therefore, this is a common law action on a judgment. See Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 470,451 A.2d 291 (App. Sess. 1984). Prior to the rendering of the judgment in New York, the defendant paid the plaintiff the sum of $5,500. The defendant claims that this reduces the sum owing on the judgment. The plaintiff claims that that payment was reflected by the amount of the New York judgment. There is no CT Page 10311 evidence as to what evidence was before the judicial authority who rendered the judgment.
In an earlier proceeding the court granted the plaintiff's motion for summary judgment as to liability. See Practice Book § 378 et seq. The case then proceeded to a hearing in damages. See Practice Book § 385. The issue devolves into who has the burden of proving whether pre-judgment payments diminish or do not diminish the judgment subsequently rendered. Practice Book § 164 provides in relevant part that "payment (even though nonpayment is alleged by the plaintiff) . . . must be specially pleaded. . . ." SeeHaddad v. Francis, 40 Conn. Sup. 567, 576, 537 A.2d 174 (1986). This rule overturned the holding in Aiutana Bankgenossenschaft v.Perren, 21 Conn. Sup. 5, 141 A.2d 255 (1957). See Moller 
Horton, Connecticut Practice Book Annotated (3d Ed.), Authors' Comments to § 164, p. 339.
Here, payment is not claimed to be a complete defense, but is offered in mitigation of damages claimed. It is not necessary to resolve whether it is necessary, in such circumstances, for a party to plead payment. Compare Commissioner of EnvironmentalProtection v. Julian, Superior Court, Judicial District of Hartford-New Britain No. 505244 (1993) with Gilbert v. Dolce, Superior Court, Judicial District of Hartford/New Britain, No. 378077 (1991); cf. Practice Book § 374 (in a hearing in damages after default "[t]he defendant may, without notice, offer evidence to reduce the amount of damages claimed.").
"The proper allocation of the burden of proof may be distilled to a question of policy and fairness based on experience in different situations. Rustad v. Great NorthernRy., 122 Minn. 453, 456, 142 N.W. 727 (1913); James Hazard, Civ. Proc. (2d Ed.) § 7.8 n. 1. A number of variables are considered in determining where the burden properly lies." (Footnote omitted.) Albert Mendel Son, Inc. v. Krogh, 4 Conn. App. 117,124, 492 A.2d 512 (1985). "It is said that the burden of proof properly rests upon the party who must establish the affirmative of the proposition, to whose case the fact in question is essential, who has the burden of pleading a fact, who has readier access to knowledge about the fact, or whose contention departs from what would be expected in light of everyday experience. James Hazard, Civ. Proc. (2d Ed.) § 7.8." Id., 124 n. 6. Since Practice Book § 164 contemplates that in an action on a judgment the plaintiff may rest after proving that a verified foreign judgment issued, the issue of partial payment is essential to the CT Page 10312 defendant's case and, indeed in this action, it is he who asserts the contention of partial payment. Although it may well be that the plaintiff has superior knowledge as to what facts were before the foreign court that rendered the default judgment, on the issue of partial payment this court holds that the defendant has the burden of proof. Accord, Simpson v. Conlon, 100 N.H. 358,360, 126 A.2d 250, 60 A.L.R.2d 1021 (1956). Since the defendant did not satisfy that burden of proof, judgment may enter for the plaintiff in the amount of $6,746.92 plus interest of $1,012.33.
BRUCE L. LEVIN JUDGE OF THE SUPERIOR COURT