# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0653, <u>In re Estate of Frederick G. McCaffery</u>, the court on August 10, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Rebecca McCaffery, appeals the order of the Circuit Court (<u>Weaver</u>, J.) granting the motion filed by the defendants, Stephen McCaffery and Michael McCaffery, to approve a settlement agreement, and denying her motion to vacate the agreement on grounds of duress.  The plaintiff argues that the trial court erred in:  (1) ruling that she failed to state a claim for duress; and (2) failing to schedule an evidentiary hearing.

The record shows that the parties participated in private mediation to resolve a dispute involving their father's estate.  After lengthy negotiations, during which all parties were represented by counsel, the parties reached a settlement.  Nine days later, the plaintiff, having discharged her attorney, filed a motion to vacate the settlement, to which the defendants objected.  The defendants filed their motion to approve the settlement, to which the plaintiff objected.  The plaintiff, represented by new counsel, submitted an affidavit with her objection.  In her affidavit, the plaintiff alleged that she signed the settlement agreement only after her attorney repeatedly yelled at her to "take the deal" and threatened to withdraw as her lawyer.  The plaintiff alleged that her attorney told her that she did not want to "deal with [the] case for six more months" and suggested that she would not give the plaintiff a ride home from the mediation if she did not sign the agreement.

"To establish duress, a party must ordinarily show that it involuntarily accepted the other party's terms, that the coercive circumstances were the result of the other party's acts, that the other party exerted pressure wrongfully, and that under the circumstances the party had no alternative but to accept the terms set out by the other party."  <u>In re Estate of Hollett</u>, 150 N.H. 39, 42 (2003) (quotation omitted).  The plaintiff does not allege that the defendants coerced her to accept the settlement agreement; rather, she alleges that the coercion came from her own attorney.  To support a claim of duress under these circumstances, the plaintiff relies upon a federal case, <u>Bistany v. PNC Bank, NA</u>, 585 F.Supp.2d 179, 183 (D. Mass. 2008), in which the court observed that, "in general, duress must emanate from the opposing party to an

agreement, not one's own attorney, unless the opposing party knows of the duress." The plaintiff alleged that the defendants knew of the duress because, at approximately 8:30 p.m., she walked into the lobby where the mediation was being held and, "within the hearing of" the mediator and opposing counsel, told her attorney that she "wanted to leave." The plaintiff alleged that her attorney was "visibly disappointed," and that the two of them returned to the conference room they had been using, where the attorney "again threatened to withdraw" if the plaintiff did not sign the agreement. The plaintiff alleged that she signed the agreement because she felt that the only way she could leave the mediation was to sign it.

The trial court, accepting Bistany as a correct statement of New Hampshire law for purposes of its order, ruled that the plaintiff's allegations were insufficient to show that the defendants and their attorney knew of the duress. Accordingly, the trial court found "no grounds to vacate the settlement," even "accept[ing] everything claimed by [the plaintiff] as accurate."

On appeal, the plaintiff argues that the trial court erred in its ruling because the statement contained in her objection to the defendants' motion to approve the settlement agreement – that the defendants and their attorney "knew about the duress" – must be accepted as true for purposes of the court's ruling, which was based upon the pleadings. However, at the hearing on the motion, the plaintiff agreed that the relevant allegations – the "facts" that she was "standing on" – were those contained in her affidavit. The plaintiff did not assert in the trial court that it was required to consider statements in pleadings that were not supported by her affidavit or reasonable inferences that could be drawn from it. See Chasan v. Village District of Eastman, 128 N.H. 807, 813 (1986) ("Having acquiesced in the procedure employed, the plaintiffs cannot now object to the form of the proceeding."). We agree with the trial court that, as a matter of law, the plaintiff's affidavit cannot be reasonably construed to establish duress. Even if the trial court had been required to consider the statements in the pleadings, however, we note that it would not have been required to credit the mere conclusory assertion, without more, that the defendants "knew about the duress." See ERG, Inc. v. Barnes, 137 N.H. 186, 190 (1993) (stating that on a motion to dismiss for failure to state a claim, the trial court will not assume the truth of allegations that are not well-pleaded, including conclusions of fact and principles of law).

The plaintiff also argues that the trial court, in ruling that, "there is no evidence that any of the other parties understood that there could be any kind of duress arising from the mediation," applied an incorrect legal standard, given that there had not been an evidentiary hearing. Assuming, without deciding, that the plaintiff preserved this issue for review, but see Prob. Div. R. 59-A(1); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002), we construe the trial court's order to rule that the allegations in the affidavit, and the reasonable inferences that can be drawn from them, are insufficient to

2

state a claim for duress, and we agree with the ruling. Accordingly, we cannot conclude that the trial court erred by not scheduling discovery or an evidentiary hearing on her motion.

Finally, the plaintiff argues that this court "should adopt the Restatement (Second) of Contracts § 175(2) (1981) and hold that duress from a third party to a transaction may render the contract voidable by the victim if the other party to the transaction has knowledge of such duress." For purposes of its ruling, the trial court accepted this statement of the law to be correct and found that the plaintiff failed to state a claim even "accept[ing] everything claimed by [the plaintiff] as accurate." Accordingly, for purposes of this case, we need not decide whether to adopt this section of the restatement of contracts. See In re Guardianship of R.A., 155 N.H. 98, 100-101 (2007) (discussing mootness doctrine).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3