# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0452, <u>Steven P. Bureau v. Adam Bernstein</u>, the court on March 10, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Steven P. Bureau, appeals the order of the Superior Court (<u>Colburn</u>, J.) dismissing his complaint against the defendant, Adam Bernstein. We construe his brief to argue that the trial court erred in concluding that he failed to state a claim upon which relief may be granted.

"In reviewing the trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." <u>Riso v. Dwyer</u>, 168 N.H. 652, 654 (2016) (quotation omitted). We assume the truth of the plaintiff's factual allegations and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Id</u>. "However, we do not assume the truth of the statements in the complaint that are conclusions of law." <u>Id</u>. "If the facts pleaded do not constitute a basis for legal relief, we will affirm the trial court's grant of the motion to dismiss." <u>Id</u>. (brackets and quotation omitted).

In his complaint, the plaintiff alleges that the defendant "used his position and power as an attorney to commit criminal and fraudul[e]nt acts ag[ai]nst [him] for financial gain." He alleges that the defendant represented a client in a matter adverse to the plaintiff "knowing [the client] was committing criminal and fraudul[e]nt acts," and that the defendant "continued to represent his client knowing she was using his services as an attorney to perpetrate crime or fraud." He further alleges that the defendant "knew his client was trying to circumvent the eviction process and so was he." The plaintiff seeks an order requiring the defendant to "notify his past client, informing her that [he] still [has] a right to [his] home and possessions," and that "she did not rec[ei]ve a . . . writ of possession."

In his complaint, the plaintiff does not specifically allege what conduct the defendant engaged in that constituted a crime or fraud. "In order to withstand a motion to dismiss, the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions." <u>Brzica v. Trustees of Dartmouth College</u>, 147 N.H. 443, 449 (2002)

(quotation omitted).  "It is not sufficient for the plaintiff merely to allege fraud in general terms."  Id. (quotation omitted).

We conclude that the plaintiff's complaint fails to state a claim upon which relief may be granted.  See Riso, 168 N.H. at 654.  Accordingly, the trial court did not err in dismissing the complaint.  The plaintiff's motion to amend the complaint, in which he alleged that the defendant "ignored the crimes and rights violations committed by his former client," failed to correct the deficiencies in the complaint.  Accordingly, we further conclude that the trial court did not err in denying the motion to amend.  See ERG v. Barnes, 137 N.H. 186, 189 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**