# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0069, <u>Robert Wilson v. Anne Romney</u>, the court on October 11, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Robert Wilson, appeals an order of the Superior Court (<u>Ruoff</u>, J.) dismissing his complaint against the defendant, Anne Romney for failure to state a claim upon which relief may be granted. The plaintiff argues that, in dismissing the complaint, the trial court erred by failing to construe the pleadings in a light most favorable to him, by crediting the allegations in the defendant's motion to dismiss, and by not allowing discovery and a trial by jury. He further argues that the trial court erred by denying his motion to compel answers to interrogatories, and by denying his request to waive court fees. We affirm.

In reviewing the trial court's dismissal order, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>See</u> <u>Szewczyk v. Continental Paving</u>, 176 N.H. 148, 151 (2023). We assume the truth of the well-pleaded factual allegations in the plaintiff's pleadings and construe all reasonable inferences from those facts in the light most favorable to the plaintiff. <u>See</u> <u>id</u>. We do not, however, assume the truth of statements in the plaintiff's pleadings that are conclusions of law. <u>See</u> <u>id</u>.; <u>ERG, Inc. v. Barnes</u>, 137 N.H. 186, 190 (1993) ("The court will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including the statement of conclusions of fact and principles of law."). We will uphold the trial court's decision if the facts pleaded do not constitute a basis for relief. <u>See</u> <u>Szewczyk</u>, 176 N.H. at 151.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's arguments, the relevant law, and the record submitted on appeal, the plaintiff has not demonstrated that the well-pleaded facts in his complaint, together with all reasonable inferences from those facts, constitute a basis for relief. <u>See</u> <u>id</u>.; <u>Szewczyk</u>, 176 N.H. at 151. Accordingly, we uphold the dismissal of the plaintiff's complaint. The plaintiff's remaining arguments either are insufficiently developed or were raised for the first time in his reply brief and, thus, are waived. <u>See</u> <u>State v.</u>

Blackmer, 149 N.H. 47, 49 (2003); Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987).

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**