**CROATAN BOOKS, INC.**

v.

**Gerald L. BALILES, et al.**

**Civ. A. No. 84–0008–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 27, 1984.

858

Clarence Neblett, Baer & Neblett, Richmond, Va., Burton W. Sandler, Gibson & Sandler, Towson, Md., for plaintiff.

Richard K. Bennett, Browder, Russell, Morris & Butcher, Richmond, Va., for defendant # 1.

Joel H. Peck, State Corporation Commission, Richmond, Va., for defendants # 2–4.

## ORDER AND OPINION

WARRINER, District Judge.

On 31 January 1984, a motion to dismiss the complaint was filed by Attorney General Baliles, and a joint motion to dismiss was filed by Commissioners Shannon, Brad-

shaw, and Harwood of the State Corporation Commission. On 21 February 1984, plaintiff Croatan Books untimely filed its response to these motions to dismiss. Local Rule 11(F). On 27 February 1984, defendant Baliles filed his rebuttal. Defendants Shannon, Bradshaw, and Harwood have failed to rebut plaintiff's reply, either because they realized it was untimely or for some other reason. The matter is now ripe for adjudication.

On 6 January 1984, plaintiff Croatan Books, Inc. filed this complaint against Gerald L. Baliles, Attorney General of Virginia; Preston C. Shannon, Junie L. Bradshaw, and Thomas P. Harwood, Jr., the three Commissioners of the State Corporation Commission of Virginia. Plaintiff requests the following relief:

(a) that preliminary and permanent injunctions issue against the Attorney General and the Commissioners to restrain them from the alleged violation of plaintiff's rights protected by the Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) that a preliminary and permanent injunction issue prohibiting an alleged unconstitutional application of Va.Code § 13.1–93 [1] in order that plaintiff's right to be free from double jeopardy be protected; and

(c) that declaratory judgment be entered to the effect that Va.Code § 13.1–93 is unconstitutional as applied, and as threatened to be applied, to plaintiff in light of the Fifth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff asserts that this Court has jurisdiction to grant the relief sought under 28 U.S.C. §§ 1331, 1343; under 42 U.S.C. § 1983; and under 28 U.S.C. §§ 2201 and 2202.

In June of 1983, plaintiff had filed another complaint in this Court claiming violations of rights protected under 42 U.S.C. §§ 1983 and 1985. The defendants were the Commonwealth of Virginia, the State

---

1. Va.Code § 13.1–93 provides in pertinent part:
   A corporation may be dissolved involuntarily by order of the Commission when it finds that

the corporation has continued to exceed or abuse the authority conferred upon it by law....

Corporation Commission, and Attorney General Gerald Baliles. At that time, plaintiff sought preliminary and permanent injunctive relief, compensatory and punitive damages, and a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, that the threatened application of § 13.1–93 of the Code of Virginia would deprive plaintiff of rights protected under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. Additionally, plaintiff sought attorneys' fees under 42 U.S.C. § 1988. All three defendants to that action filed motions to dismiss. On 4 November 1983, these motions were granted.

In the present action, plaintiff has alleged the same facts but has dropped its 42 U.S.C. § 1985(3) conspiracy claims, altered the basis for its § 1983 claim, added a claim based on the Fifth Amendment bar against double jeopardy. It has omitted claims for damages and attorneys' fees.

Because both lawsuits allege substantially the same set of facts, there is little point in relating these. They were set forth in *Croatan Books, Inc. v. Commonwealth of Virginia*, 574 F.Supp. 880, 881–82 (E.D.Va. 1983). Plaintiff's earlier action against the Attorney General, the Commonwealth of Virginia, and the State Corporation Commission, then sued as an entity, did not survive a motion to dismiss. This revamped action must suffer the same fate.

## I

### GERALD L. BALILES, ATTORNEY GENERAL OF VIRGINIA

Defendant Baliles first offers in support of his motion to dismiss a plea of *res judicata* and collateral estoppel. It is well at the outset to define the precise extent of these related doctrines which are often misunderstood, misapplied, and confused. They describe two different effects of prior judgments.

The first is the effect of foreclosing any litigation of matters that never have been litigated, because of the determination that they should have been advanced in an earlier suit. The second is the effect of foreclosing relitigation of matters that have once been litigated and decided. The first of these, preclusion of matters that were never litigated, has gone under the name, 'true res judicata,' or the names, 'merger' and 'bar.' The second doctrine, preclusion of matters that have once been decided, has usually been called 'collateral estoppel.' ... [U]se of the names 'claim preclusion' and 'issue preclusion' for these two doctrines ... is increasingly employed by the courts....

C.A. Wright, Law of the Federal Courts 680 (4th Ed.1983).

On this principle, defendant Baliles must prevail in his motion to dismiss on the grounds of *res judicata.* With respect to him, the parties to the previous actions were identical: Croatan Books and Gerald L. Baliles, Attorney General of Virginia. The facts were the same; the relief sought was the same: injunctive and declaratory relief. The sole difference between the two suits is that in the earlier plaintiff claimed that the constitutional rights violated by the Attorney General, giving rise to a cause of action under § 1983, were its First Amendment right to freedom of speech and its Fifth and Fourteenth Amendment rights to equal protection under the laws. Now plaintiff claims that the constitutional right of which it was deprived is the Fifth Amendment right to be free of double jeopardy.

Plaintiff apparently would argue that because the constitutional claim is different in the instant action from what it was in the first action, it is offering the Court an unbarred claim. This is not the law. Plaintiff would have it that it can husband the same factual scenario, *i.e.*, being brought before the State Corporation Commission to show cause why its corporate charter should not be revoked, and hail the Attorney General into federal court as many times as it can list an additional constitutional amendment which allegedly has been violated by this same act.

This view is in sharp contradistinction to the actual state of the law:

> The general rule of claim preclusion is that a valid and final judgment on a claim precludes a second action on that claim or any part of it.... Cases continue to say that the judgment has a preclusive effect only if it is 'on the merits,'.... It is sufficient that in the first litigation there was an opportunity to get to the merits.

C.A. Wright, Law of the Federal Courts, 680–81 (4th ed. 1983).

Plaintiff would argue that the merits of its case were never actually reached in *Croatan I* since its initial lawsuit was disposed of by this Court's granting a motion to dismiss based on defendant Baliles' plea of immunity and on the alternative basis of abstention. Fed.R.Civ.P. 41(b)[2] contradicts plaintiff's view.

In Wright & Miller, Federal Practice and Procedure: Civil, § 1373, the authors qualify the plain language of Rule 41(b):

> Dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted pose a troublesome problem. A dismissal of this kind comes within the literal language of the last sentence of Rule 41(b) and it has been held that that rule governs the effect of the dismissal. Yet other cases have held that this kind of dismissal will not bar a second action if new facts have come into existence or have been alleged for the first time and it was the absence of these facts that made the first complaint defective.... If a dismissal is for a defect in pleadings that does not reach the merits, as is generally true of a dismissal under Rule 12(b)(6), it is inconsistent with the whole spirit of the rule to regard the dismissal as an adjudication upon the merits.

Plaintiff here fits within no exception to the formulation that a Rule 12(b)(6) dismissal is one on the merits. He has alleged no additional facts; his earlier case was not dismissed as being defective in its pleadings, there was no lack of jurisdiction;[3] there was no Rule 19 issue; venue was proper. Rather, plaintiff clearly comes within the rubric of two Supreme Court cases: *Angel v. Bullington*, 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947) and *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). In *Angel*, the Supreme Court made the following general observation:

> It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them....

In *Federated Department Stores*, the Supreme Court, referring to *Angel* and to *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946) explicitly stated 452 U.S. at 399, note 3, 101 S.Ct. at 2428, note 3: "The dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a 'judgment on the merits.' "

■ This Court's Rule 12(b)(6) dismissal of *Croatan I* for failure to state a claim upon which relief could be granted was a final adjudication on the merits. The law of *res judicata* follows inexorably and inevitably. The Eighth Circuit well summarized these results in *Engelhardt's Camera Stores v. Bell & Howell*, 327 F.2d 30, 32 (8th Cir.1964):

> In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of *res judicata*. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which

---

**2.** Rule 41(b) provides in relevant part:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**3.** Of course a dismissal under the doctrine of abstention has no preclusive effect in the State court in whose favor abstention is granted.

might have been decided. [citations omitted]

Thus, "[*res judicata*/claim preclusion] applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action, or to seek remedies or forms of relief not demanded in the first action." Wright, at 681. Such is a precise description of plaintiff's conduct in the instant action. No new fact has appeared, merely a new legal theory based on the set of facts advanced before this Court previously.

■ Instructive is *Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484 (4th Cir.1981), cert. denied, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). A county Board of Education brought a federal antitrust suit against various dairy companies. Appeal was taken from an entry of summary judgment against the Board. The Fourth Circuit held that the prior entry of a consent decree in a State court constituted, for ' *res judicata* purposes, a final judgment on the merits because there was sufficient identity of claims between the State court antitrust action and the federal district court antitrust action to support a finding of *res judicata* based on the earlier State court action. Specifically, the court stated that:

> Under established precedent, the identity of two actions ... will not be destroyed in the *res judicata* context simply because the two suits are based on different statutes. This was clearly held in ... [*Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 469 (3d Cir.1950), cert. denied, 341 U.S. 921 [71 S.Ct. 743, 95 L.Ed. 1355] (1951)], where one suit was under the Clayton Act and the other under the Sherman Act. Nor will the rule be any different because a state statute is the authority for one action and a federal statute for the other, when the two statutes afford

the same right or interdict the same wrong, *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2d Cir.1977).

If plaintiff suffers a *res judicata* bar in federal court because he has previously litigated the matter in State court, albeit under a different State statute, he is surely barred from relitigating the same claim in federal court simply by changing the amendment of the Constitution he claims has been violated.

The fact that plaintiff proceeds here under § 1983 does not vary the bar of *res judicata*. *Migra v. Warren City School District Board of Education*, —— U.S. ——, ——, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984) now stills this question. In *Migra*, the Supreme Court returned to the question left open by *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In *Allen*, the court had considered whether 42 U.S.C. § 1983 modified the operation of 28 U.S.C. § 1738[4] so that a State-court judgment was to receive less than normal preclusive effect in a suit brought in federal court under § 1983.

The *Allen* court had left open the possibility that the preclusive effect of a State-court judgment might be different as to a federal issue that a § 1983 litigant could have raised but did not raise in the earlier State-court proceeding. *Allen*, at 97, n. 10, 101 S.Ct. at 416, n. 10. In other words, where *Allen* had held that a federal plaintiff was precluded from relitigating a § 1983 issue actually litigated in a prior State court proceeding, it had left open the question of whether *res judicata* would have the normal preclusive effect to bar litigating in a federal forum a § 1983 claim which plaintiff could have brought in the State court, but did not. The Supreme Court held in *Migra:*

> Having rejected in Allen the view that state-court judgments have no issue preclusive effect in § 1983 suits, we must reject the view that § 1983 prevents the

---

4. 28 U.S.C. § 1738 provides in pertinent part: Such Acts [of the legislature of any State, Territory, or Possession of the United States], records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

judgment in petitioner's state-court proceeding from creating a claim preclusion bar in this case.

The Fourth Circuit has re-articulated this analysis in *Kutzik v. Young*, 730 F.2d 149 (4th Cir.1984). In Kutzik, plaintiff, a visiting professor at the University of Maryland, filed breach of contract charges in State court against the Dean of the School of Social Work and Community Planning as well as against the Board of Regents of the University. He sought damages, including back pay, and reinstatement. The State court dismissed the claim on the ground of sovereign immunity and the Maryland Court of Special Appeals affirmed in an unpublished opinion.

While appealing the State judgment, plaintiff filed an action in federal district court alleging that the failure to renew his contract and appoint him to a full-time faculty position amounted to a deprivation of liberty and property without due process of law, a denial of the equal protection of the laws by virtue of age discrimination, and violation of First Amendment rights. In this federal action he sought compensatory as well as punitive damages, reinstatement, and back pay. The Fourth Circuit, applying Maryland law of claim preclusion, held:

> Kutzik's state and federal actions sought redress for the same wrong: the refusal to renew his visiting appointment and to provide him with a full-time teaching job. Both relied on the same facts: the events pertaining to the decision to terminate Kutzik's employment. The two actions simply invoked different grounds for recovery based on the same evidence. Maryland courts have concurrent jurisdiction over claims based on § 1983 and the federal constitution. [Citations omitted.] [The Fourth Circuit quoted *Migra*, —— U.S. at ——, 104 S.Ct. at 898], 'Section 1983 ... does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims.' At 152.

The law here applicable is not different from Maryland law on this point. Apply-ing the Fourth Circuit's *Kutzik* reasoning to the case before this Court, the result is plain. Plaintiff's claims against the Attorney General are barred by the claim preclusion doctrine of *res judicata*. Accordingly, the other defenses asserted by defendant Attorney General need not be considered.

II

DEFENDANTS SHANNON, BRADSHAW, AND HARWOOD, COMMISSIONERS OF THE STATE CORPORATION COMMISSION

Defendant Commissioners advance two arguments in support of their motion to dismiss: (1) the State Corporation Commission proceedings are civil and not criminal in nature and therefore no double jeopardy attaches to plaintiff, and (2) even if proceedings before the State Corporation Commission were criminal, plaintiff's argument is meritless, the requisite identity of offenses being absent. See *United States v. Lurz*, 666 F.2d 69, 76 (4th Cir.1981), cert. denied sub nom *Magill v. United States*, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982), cert. denied sub nom *Steedman v. United States*, 457 U.S. 1136, 102 S.Ct. 2966, 73 L.Ed.2d 1354 (1982).

There is merit in both these arguments. Indeed, it would appear almost indisputable that proceeding before the State Corporation Commission must be civil in nature. It has no criminal jurisdiction. Such jurisdiction is vested solely in the courts not of record and in the courts of record of the Commonwealth. See Va.Code § 16.1–123–126 (courts not of record) and Va.Code § 17–123 (courts of record). See also *United Dentists, Inc. v. The Commonwealth*, 162 Va. 347, 173 S.E. 508, 509 (1934).

I am convinced, however, that plaintiff must suffer a *res judicata* bar in its claims against the Commissioners of the State Corporation Commission, as surely, but on a slightly different basis, as he did against the Attorney General.

■ Plaintiff has sued these three individuals by name, but they are named as Commissioners of the State Corporation Commission. Indeed, the conduct complained of could not have been performed

by these persons acting in any private capacity. No single citizen, no combination of citizens, in this Commonwealth has the authority or the power to deprive a duly constituted corporation of its corporate status. That power can be exercised only by the State Corporation Commission, which in turn, is composed of three Commissioners. "It has been declared that privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation...." 46 Am.Jur.2d Judgments § 532. In particular,

[T]he courts have held that the agents of the same government are in privity with each other, since they represent not their own rights but the right of the government. There is such privity between officers of the same government that a judgment in a suit between a person and a representative of the United States having authority to represent its interest in a final adjudication of the issue in controversy is *res judicata* in relitigation of the same issue between such person and another officer of the United States." Id. § 578.

In other words, even if we were to accept plaintiff's metaphysical notion that the three State Corporation Commissioners, sued in their capacity as Commissioners, are somehow entities discrete from the State Corporation Commission itself, both this mythic, depopulated Commission, and these Commissioners without portfolio would be agents of the Commonwealth of Virginia and therefore in privity with each other.[5]

An example of this principle is found in *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402, 60 S.Ct. 907, 916, 84 L.Ed. 1263 (1940). In Sunshine plaintiff, in a previous action against a different federal official, had been held to be a miner of bituminous coal. In the second suit against a different federal official, the appellants sought to raise anew the issue of whether his coal was bituminous. The court held:

5. Cf. *Kutzik v. Young,* 730 F.2d 149, 152 (4th Cir.1984) (applying similar principles under Maryland law.)

·The result is clear. Where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal. [citations omitted]. 'Identity of parties is not a mere matter of form but of substance. Parties nominally the same may be, in legal effect different, .... and parties nominally different may be, in legal effect, the same.' [*Chicago R.I.P.R. Co. v. Schendel,* 270 U.S. 611, 620, 46 S.Ct. 420, 424, 70 L.Ed. 757].

Such is plainly true of the Commissioners and the Commission. The difference is in terminology alone, not in legal effect. In *Croatan I,* plaintiff's claim against the Commission was dismissed on the merits. For the reasons and on the law discussed hereinabove with respect to the Attorney General, the action against the Commissioners will also be dismissed as barred by *res judicata.*

An appropriate judgment SHALL issue.

And it is so ORDERED.