**Efrain GUERRERO, et al., Appellants,**

**v.**

**Cyrus KATZEN, et al.**

**No. 84–5624.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 5, 1985.

Decided Oct. 11, 1985.

---

John McGinley, Jr. of the Bar of the Commonwealth of Virginia, pro hac vice by special leave of Court, with whom Andrew J. Serafin, Washington, D.C., was on brief, for appellants.

Roslyn A. Mazer, Washington, D.C., with whom Seymour Glanzer, Washington, D.C., was on brief, for appellee, Katzen.

Eric L. Lewis, Washington, D.C., of the Bar of the Appellate Division, Second District of New York, pro hac vice by special leave of Court, Earl C. Dudley, Jr., Washington, D.C., was on brief, James P. Davenport and Sally A. Regal, Washington, D.C., also entered appearances for appellee Prudential Ins. Co.

Before WALD, HARRY T. EDWARDS and STARR, Circuit Judges.

HARRY T. EDWARDS, Circuit Judge:

The present action is the fourth lawsuit to emerge from the disputes between former business partners Cyrus Katzen and Efrain and Jacqueline Guerrero concerning the construction of the Pan American Shopping Center in northern Virginia. The District Court held that the doctrine of *res judicata* precluded any further pursuit of the appellants' claims and granted the appellees' motion for summary judgment. We affirm.

On June 8, 1978, the appellee, Dr. Katzen, filed a complaint in the Circuit Court of Fairfax County, Virginia,[1] alleging that Dr. Guerrero had unlawfully caused the dissolution of their business partnership. That court found that Dr. Guerrero had wrongfully dissolved the partnership and that Dr. Katzen had wrongfully failed to provide Dr. Guerrero with adequate access to the partnership books and records. The partnership was dissolved, and Dr. Katzen was appointed winding-up partner under the continuing supervision of the court. Dr. Guerrero was permitted to select a representative to monitor the partnership books and records.

In August 1979, Dr. Katzen sought the court's approval of the sale of the shopping center to appellee, Prudential Insurance Company ("Prudential"). Dr. Guerrero opposed this motion, which was nonetheless granted, and twice moved for its reconsideration. In his first motion for reconsideration, Dr. Guerrero alleged that he had been prevented from examining the partnership books and records. He made a similar charge in his second motion for reconsideration on May 6, 1980, and further asserted that the terms of the sale of the shopping center to Prudential were unfair and that Dr. Katzen had mismanaged the construction of the shopping center and thus wasted the asset. The Virginia court held that the sale contract with Prudential was valid, that Dr. Guerrero had received reasonable access to the books and records of the partnership in order to ascertain the value of the shopping center, and that Dr. Katzen had not wasted the asset or breached his fiduciary duty during the winding-up process. In November 1980, this order was appealed to the Supreme Court of Virginia which rejected the petition of appeal in June 1981.

The present case was filed in the District Court for the District of Columbia Circuit on August 27, 1982. Dr. Guerrero sought damages from Dr. Katzen and Prudential for breach of fiduciary duty, breach of contract and conspiracy to defraud based on alleged concealment of partnership books and records, mismanagement of construction, and unfairness in the terms and

---

1. *Katzen v. Guerrero*, Chancery No. 57929, Circuit Court of Fairfax County, Virginia. In addition to the present case, the appellants filed *Guerrero v. Katzen*, No. 78–783–A (E.D.Va.1978) and *Guerrero v. Katzen*, Chancery No. 62813, Circuit Court of Fairfax County, Virginia. These actions were dismissed on March 2, 1979 and September 4, 1979, respectively.

## 508

nature of the sale of the shopping center to Prudential. The District Court held that these claims had been or could have been litigated in the Circuit Court of Fairfax County, and granted the appellees' motion for summary judgment pursuant to an application of the doctrine of *res judicata.*

### I.

■ "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Thus, this court must look to the law of Virginia and ascertain what preclusive effect that law would give to the judgment of the Circuit Court of Fairfax County.

Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent relitigation of the same cause of action. Judgment in a prior action is conclusive in the latter, "not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined." *Kemp v. Miller,* 166 Va. 661, 674, 186 S.E. 99, 103 (1936).

■ In applying the doctrine of *res judicata,* Virginia courts employ a fact-based approach in their definition of the term "cause of action." A cause of action is "an assertion of particular legal rights which have arisen out of a definable factual transaction." *Bates v. Devers,* 214 Va. 667, 672 n. 8, 202 S.E.2d 917, 921 n. 8 (1974). *See also Bernau v. Nealon,* 219 Va. 1039, 1042, 254 S.E.2d 82, 84 (1979); *Cohen v. Power,* 183 Va. 258, 261, 32 S.E.2d 64, 65 (1944). The factual underpin-

nings of the Guerreros' claims in state court center on the events that took place during the winding-up of the parties' business partnership. The claims in the present case arise from the identical "definable factual transaction." Dr. Guerrero's claims against Dr. Katzen were actually litigated in Virginia state court. The claims against Prudential have also been litigated or, at the very least, could have been litigated in the adjudication of the propriety of the sale. Thus, appellants' present claims are barred.

### II.

■ Appellants contend that the discovery of two pieces of relevant evidence after judgment was entered in the Virginia action precludes the application of *res judicata.* Although recent Virginia law has not explicitly addressed this issue, we note that newly discovered evidence normally does not prevent the application of *res judicata. Dreyfus v. First National Bank of Chicago,* 424 F.2d 1171, 1175 (7th Cir.), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970).[2] Exceptions to this general principle occur when evidence is either fraudulently concealed or when it could not have been discovered with due diligence. *Constantini v. Trans World Airlines,* 681 F.2d 1199, 1202–03 (9th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). We find no support in the record for the application of either exception. In particular, it is noteworthy that Dr. Guerrero concedes that he was aware of this alleged new evidence prior to the final dismissal of his appeal from the judgment of the Circuit Court of Fairfax County. Yet, he never sought a rehearing or a reopening of the record in that action. Clearly, Dr. Guerrero could have litigated the significance of his alleged newly discovered evidence in state court and, therefore, he may not raise it here.

**2.** *See also Croatan Books, Inc. v. Baliles,* 583 F.Supp. 857, 861 (E.D.Va.1984); *Davis v. Towe,* 379 F.Supp. 536, 537 (E.D.Va.), *aff'd,* 526 F.2d 588 (4th Cir.1975).

In *Diamond State Iron Co. v. Alex K. Rarig Co.,* 93 Va. 595, 604, 25 S.E. 894, 897 (1896), the

court held that the doctrine of *res judicata* precluded the complainants from raising in a second suit a matter which "could have been known to them by the exercise of ordinary diligence" during the initial suit.

### III.

A successor to an interest in property is in privity with its prior owner and may rely on a previous judgment regarding that interest. *Spiker v. Capitol Milk Producers Co-op, Inc.,* 577 F.Supp. 416, 418 (W.D. Va.1983) (applying Virginia law); *Kesler v. Fentress,* 223 Va. 14, 17, 286 S.E.2d 156, 157 (1982). As the purchaser of the shopping center, appellee Prudential is in privity with Dr. Katzen and is entitled to rely on the Virginia court's determination as to the fairness of the sale. In addition, we note again that the claims against Prudential could have been raised in Dr. Guerrero's challenge to the propriety of the sale of the shopping center and are also precluded on this ground.

### IV.

Finally, counsel for Dr. Guerrero revealed at oral argument that the parties have continued to litigate this matter in the Circuit Court of Fairfax County, contesting the final accounting of their ill-fated partnership. Intending no encouragement for this course of action, we would simply note that Dr. Guerrero's claims of fraud based on newly discovered evidence would more properly have been raised in the state court forum rather than by filing a separate lawsuit in federal court.

For all of the foregoing reasons, we conclude that the District Court properly granted summary judgment to the appellees in this action. We therefore affirm.

*So ordered.*