**Simpkins v. Snow**                                    **CV-95-108-B    05/13/96**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Guy S. Simpkins

        v.                                    Civil No. 95-108-B

Robert M. Snow, Individually and
in his capacity as Chief of Police
of the Town of Bartlett,
David W. Roode, Individually and
in his capacity as Officer of the
Bartlett Police Department, and
Town of Bartlett


**O R D E R**

     Guy Simpkins has sued the Town of Bartlett, its Police
Chief, Robert Snow, and Bartlett Police Officer, David Roode,
alleging that the defendants illegally searched his home and
unlawfully arrested him for possession of marijuana.  Defendants
argue in a motion for summary judgment that Simpkins's claims are
barred by the doctrine of res judicata because he litigated and
lost a defamation claim against the Town and Chief Snow based, in
part, upon statements Snow made when obtaining the warrant to
search Simpkins's home.  For the reasons that follow, I grant
defendants' motion.

## I.  BACKGROUND

Chief Snow applied for and obtained a warrant to search Simpkins's home on May 27, 1989.  His supporting affidavit alleged that (1) a third party told a confidential informant that he could obtain marijuana from a bartender at the Red Parka Pub named "Guy"; (2) Simpkins was the only person named Guy who worked as a bartender at the Red Parka Pub; and (3) the informant went to the third party's residence to purchase marijuana and, while under police surveillance, the third party left his residence, traveled to Simpkins's residence, stayed approximately fifteen minutes, and returned with marijuana.

After obtaining the search warrant, the police seized a small amount of marijuana, cash and drug paraphernalia from Simpkins's home.  Simpkins was arrested the same day and charged in district court with possession of marijuana.  The district court later suppressed the evidence obtained from the search because the affidavit supporting the warrant failed to sufficiently establish the informant's credibility.  Ultimately, the court dismissed the case because the prosecutor failed to appear for trial.

Simpkins filed a defamation action against Chief Snow and the Town of Bartlett in Strafford County Superior Court on April

30, 1991. Simpkins's pretrial statement identified as disputed issues of law: "Whether Chief Snow defamed the Plaintiff with the statements he made both in writing on the Application for a Search Warrant and verbally to Robert Wentworth." In his statement of issues and final offer to the defendants on September 13, 1993, Simpkins stated:

> Chief Snow defamed the Plaintiff with false statements he made both in writing on his application for a search warrant, which was later suppressed, and verbally to Robert Wentworth, the Plaintiff's then employer. These statements were made with disregard by Chief Snow as to their truth and were not in furtherance of any judicial proceeding or investigation.

The court determined prior to trial that the statements Snow made in the warrant affidavit were privileged. Accordingly, the court granted defendants' motion in limine and prohibited Simpkins from basing his defamation claim on those statements. The trial court also made two evidentiary rulings. It excluded a proposed witness's testimony on the ground that it would be inadmissible hearsay, and it allowed the defense to introduce into evidence items seized during the search even though the district court had suppressed the same evidence in the criminal case.

Chief Snow testified at the trial that Roy Olive, Jr. was his confidential informant, and that William Donatelli was the

3

third party referenced in the warrant affidavit. Donatelli testified at trial and denied Snow's claim that he had been involved in the drug sale. Notwithstanding Donatelli's denial, the jury returned verdicts in the defendants' favor, and the verdicts were later affirmed by the New Hampshire Supreme Court. See Simpkins v. Snow, 139 N.H. 735 (1995).

Following the defamation trial, Simpkins's counsel contacted Olive, who stated in a November 25, 1994, affidavit that he did not know Guy Simpkins, had not participated in a controlled drug buy with the Bartlett police as Chief Snow testified, and was not an informant. In April 1995, Olive spoke by telephone with an investigator from defendants' counsel's office. In that recorded conversation, Olive changed his story and admitted that he was the confidential informant. Chief Snow claims that Olive also called him in April 1995 and confirmed his role as the confidential informant.

Simpkins filed this action on February 24, 1995, alleging that the defendants violated his Fourth and Fourteenth Amendment rights. He also alleges state tort claims for intentional and negligent infliction of emotional distress, negligence, negligent supervision, and malicious prosecution. Defendants invoke the

doctrine of res judicata in support of their summary judgment motion.

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate if the facts taken in the light most favorable to the nonmoving party show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Barbour v. Dynamics Research Corp., 63 F.3d 32, 36-37 (1st Cir. 1995), cert. denied, 116 S.Ct. 914 (1996).  A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the facts are undisputed, the moving party must establish that it is entitled to judgment as a matter of law.  Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 764 (1st Cir. 1994).  I apply these principles when considering the defendants' summary judgment motion.

5

## III.  **DISCUSSION**

Defendants contend that Simpkins's current claims are barred by res judicata because Simpkins previously litigated and lost a defamation claim in state court based, in part, on the same facts that are at issue here.  I apply New Hampshire law to determine the preclusive effect of a New Hampshire state court judgment. New Hampshire Motor Transport Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995), cert. denied, 116 S.Ct. 1352 (1996).

The New Hampshire Supreme Court recognizes that "res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action."  In re Alfred, 126 N.H. 628, 629 (1985).  "The term 'cause of action' embraces all theories on which relief could be claimed arising out of the same factual transaction."  ERG, Inc. v. Barnes, 137 N.H. 186, 191 (1993).  Thus, when the plaintiff relies on the same factual transaction in a subsequent suit, res judicata bars the second action "'even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.'"  Eastern Marine Const. Corp. v. First Southern Leasing,

6

129 N.H. 270, 275 (1987) (quoting Restatement (Second) of Judgments § 25). Further, the mutuality of parties requirement is satisfied even if the party claiming res judicata was not joined as a party in the prior action as long as the new party is closely associated with a party in the prior action. Fiumara v. Firemen's Fund Ins. Companies, 746 F.2d 87, 92 (1st Cir. 1984) (litigation of bad faith claim against insurer in prior action bars a subsequent claim based upon the same facts against the insurer's investigators). If these requirements are fulfilled, the new claims will be barred unless the plaintiff lacked a full and fair opportunity to litigate the new claims in the prior action. Scheele v. Village Dist. of Eidelweiss, 122 N.H. 1015, 1019 (1982); Fiumara, 746 F.2d at 92.

All of the elements of a successful res judicata claim are present in this case. First, both Simpkins's prior action and his current claims arise from the same factual transaction because both sets of claims were based on Snow's statements in the search warrant affidavit. Second, both the Town and Snow were parties in the defamation case and Simpkins does not argue that Officer Roode is not entitled to invoke res judicata even though he was not a party in that action. Therefore, the mutuality of parties requirement is not in dispute.

7

Simpkins nevertheless argues that res judicata does not bar his current claims because he was denied a full and fair opportunity to litigate the new claims in the prior action. Simpkins bases his current claims on the assertion that Chief Snow made material misrepresentations in the search warrant affidavit. See Franks v. Deleware, 438 U.S. 154 (1978) (Fourth Amendment violated if search warrant is based on material misrepresentations). He contends that defendants denied him a full and fair opportunity to litigate these claims by preventing him from discovering Olive's claim that he was not Snow's informant until after the defamation case had ended. I disagree.

Newly discovered evidence will not prevent the application of res judicata unless the defendant fraudulently concealed the new evidence, the plaintiff could not have discovered the new evidence even if he had exercised due diligence, or other exceptional circumstances are present. Fiumara, 746 F.2d at 92; see also Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986), cert. denied, 480 U.S. 932 (1987); Guerrero v. Katzen, 774 F.2d 506, 508 (D.C. 1985). None of these exceptions apply in this case. Although Simpkins did not learn that Olive was the informant until the defamation trial was underway, Simpkins has presented no evidence to support a claim that defendants

8

fraudulently concealed the informant's identity.  Further, Simpkins has not demonstrated that he exercised due diligence in attempting to discover this information because he never asked the court in the defamation case to compel the defendants to disclose the informant's identity.  Since he points to no other exceptional circumstances to support his position, Simpkins cannot successfully contend that he was denied a full and fair opportunity to litigate his current claims in the prior action.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (document no. 16) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 13, 1996

cc:  Wayne Beyer, Esq.
     Andrew Isaac, Esq.