Nuha SAABIRAH EL, Plaintiff–
Appellant,

v.

CITY OF NEW YORK DEPARTMENT
OF CORRECTIONS, Bernard B. Ker-
ik, individually and as Commissioner
for the City of New York Department
of Corrections, David Schoenfeld, in-
dividually and as Warden for Rikers
Island Security Unit for the City of
New York Department of Corrections,
Anthony Serra, individually and as his
successor as Warden of Rikers Island
Security Unit for the City of New
York, Edward Kurinsky, individually
and as Commissioner of Investigation
for the City of New York, and Rose-
marie Maldonado, individually and as
Administrative Law Judge of the Of-
fice of Administrative Trial and Hear-
ings, Defendants–Appellees.

No. 02–7796.

United States Court of Appeals,
Second Circuit.

March 14, 2005.

Irene Donna Thomas, Thomas & Associ-
ates, Brooklyn, NY, for Plaintiff–Appel-
lant.

Deborah A. Brenner, Assistant Corpora-
tion Counsel of the City of New York, for
Michael A. Cardozo, Corporation Counsel
of the City of New York (Barry P.
Schwartz, on the brief), New York, NY.,
for Defendants–Appellees.

Present: CALABRESI, CABRANES,
and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that District Court be
and it hereby is **AFFIRMED.**

Plaintiff–Appellant Nuha Saabirah El
("El") brought this action, in the United
States District Court for the Southern Dis-

trict of New York, against, principally, the New York City Department of Corrections and ranking municipal officials (collectively, "the City"). She alleged a range of violations under, inter alia, 42 U.S.C. §§ 1981, 1983, the First and Fourteenth Amendments, and New York State and City Human Rights laws. The district court (McKenna, *J.*) denied El's motion for partial summary judgment and granted the City's cross-motion for complete summary judgment.

On appeal, El challenges the district court's summary judgment decision by raising a cavalcade of substantive claims. El also argues that the district court improperly denied her motion for reconsideration. Finally, she claims that the district court should have treated the City's cross-motion as a motion to dismiss, rather than as a motion for summary judgment. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. *See El v. City of New York*, 2002 WL 1482785, 2002 U.S. Dist. LEXIS 12431 (S.D.N.Y. July 10, 2002).

We review a district court's grant of summary judgment *de novo, Bickerstaff v. Vassar College*, 196 F.3d 435, 445 (2d Cir. 1999), and we view the facts in the light most favorable to the non-moving party, *De la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 18 (2d Cir.1996). Several of El's claims are essentially reassertions of her argument below that the City infringed upon her religious and free speech rights. In fact, the City's investigation, suspension, and ultimately, its termination of El were all in response to her conduct—and not to her statements or beliefs. *See generally Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531–33, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993); *Employment Div., Dep't of Human Res. v.*

*Smith,* 494 U.S. 872, 879, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Although we agree with El that the district court did not clearly set forth its reasons for dismissing her Establishment Clause claim, we find that this claim is, in any event, without merit and was properly dismissed.

Another set of El's substantive claims turns on her allegations that high-ranking municipal officials made negative or disparaging remarks about a group with which she closely identified. She, however, provides no evidence that these comments were in any way connected to any discriminatory City policies or caused her any harm. In any event, we cannot say that the remarks were anything other than the constitutionally protected utterances of the speakers.

A final grouping of challenges to the district court's summary judgment decision sounds in terms of selective enforcement and employment discrimination. Again, El fails to offer any evidence whatsoever that other people—who were not in the various relevant groups with which El claims an affinity—were treated by the City any differently than she was. Moreover, even assuming *arguendo* that El made out a *prima facie* case of discrimination, the uncontroverted, non-discriminatory explanations proffered by the City sufficed to defeat her claim. *See Bickerstaff,* 196 F.3d at 446–47.

Regarding El's appeal from the denial of her motion for reconsideration, which we review for abuse of discretion, *Boule v. Hutton,* 328 F.3d 84, 95 (2d Cir.2003), since El failed to show that she was justifiably ignorant of the purported new evidence she sought to proffer, her claim is unavailing. *See United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 392 (2d Cir. 2001).

Finally, with respect to El's claim that the district court should have treated the

City's cross-motion as a motion to dismiss, we find that it is not properly before us, *see Mildred Cotler Trust v. United States,* 184 F.3d 168, 172–73 (2d Cir.1999), and that it is, in any event, unfounded.

We have considered all of El's claims and find them to be without merit. The district court's judgment is therefore AF-FIRMED.