Nuha **SAABIRAH EL,** Plaintiff–Appellant,

v.

The **CITY OF NEW YORK,** The New York City Department of Corrections, Michael Caruso, individually and as Inspector General of the New York City Department of Investigations, Nicholas Kaiser, individually and as Attorney for the Doc Office of Trials and Litigation, and Bernard B. Kerik, Individually and as Commissioner of the New York City Department of Corrections, Defendants–Appellees.

No. 07–3276–cv.

United States Court of Appeals, Second Circuit.

Nov. 19, 2008.

---

See also 126 Fed.Appx. 18.

Irene Donna Thomas, Thomas & Associates, Brooklyn, NY, for Appellant.

Deborah A. Brenner, Assistant Corporation Counsel (Barry P. Schwartz, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Nuha Saabirah El ("Saabirah El") appeals from an order of the United States District Court for the Southern District of New York (McKenna, *J.* ), dismissing her 2004 complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Saabirah El, a Moorish–American, appeals the dismissal of her suit, which the district court determined was precluded by res judicata based on its dismissal of a suit she had brought in 2000.

Saabirah El's 2000 suit alleged a host of constitutional claims arising out of her suspension and eventual termination from the New York City Department of Corrections ("DOC"). She claimed, *inter alia,* that she was fired on account of her religious beliefs and without due process of law.

Before discovery was taken, Saabirah El moved for partial summary judgment. In response, the defendants cross-moved for summary judgment to dismiss all claims. By Memorandum and Order dated June 18, 2002 the district court granted summary judgment to defendants on all claims. *Saabirah El v. City of New York,* No. 00 Civ. 8979(LMM), 2002 WL 1482785 (S.D.N.Y. July 10, 2002). With respect to Saabirah El's employment discrimination claims, the district court found that Saabirah El failed to come forward with enough evidence to support a finding of discrimination.

Saabirah El subsequently filed two motions for reconsideration in the district court, as well as a notice of appeal. Her second motion for reconsideration was

premised on newly discovered evidence obtained by her attorney in the course of an ongoing litigation brought by other Moorish–Americans formerly employed by the DOC who raised claims similar to Saabirah El's. The new evidence consisted chiefly of deposition testimony from New York City Inspector General Michael Caruso, who testified at a deposition on October 18, 2002, that at least part of the reason Moorish–American DOC employees were selected for termination was because of concerns related to their status as Moorish–Americans, including paperwork they had submitted to DOC wherein they claimed, *inter alia*, (1) to be immune from any income taxation, and (2) not to recognize the United States Constitution.

The district court denied both of Saabirah El's motions for reconsideration, noting in a memo endorsement that the newly discovered evidence "would not have changed the outcome." A panel of this Court later affirmed the dismissal of her suit and the denial of her two motions for reconsideration. *Saabirah El v. City of New York Dep't of Corr.*, 126 Fed.Appx. 18 (2d Cir.2005).

But prior to this Court's ruling, Saabirah El filed a second suit also arising out of her suspension and termination from DOC. Saabirah El's causes of action in the second suit were substantially the same as in her first, but a few of the individually named defendants were different, and the factual predicates were somewhat different in light of the newly discovered evidence.

By Memorandum and Order dated June 26, 2007, the district court dismissed Saabirah El's second suit on the basis of res judicata. The district court ruled that Saabirah El "cannot demonstrate that she could not have, through diligence, raised [her] claims in the prior federal action because these facts certainly were available to her."

Saabirah El argues that the district court erred in applying res judicata. She concedes the requisite elements of the doctrine but argues that an exception should apply because the defendants fraudulently concealed material facts, resulting in her having less than a full and fair opportunity to litigate her claims in the first suit.

As a general rule, newly discovered evidence does not preclude the application of res judicata unless the evidence was either fraudulently concealed or could not have been discovered with due diligence. *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir.1991) (citing *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C.Cir.1985)).

Here, El's allegations of "fraudulent concealment" are wholly conclusory. She does not allege that the defendants delayed producing Caruso for a deposition or that they withheld other documents. Saabirah El's attorney simply did not take *any* discovery before filing a motion for partial summary judgment; whereas, in the parallel litigation involving other Moorish–American former-DOC employees, the defendants have produced between 50,000 and 60,000 documents.

Whatever the merits of Saabirah El's claims, it is now too late for her to undo the preclusive effect of the earlier judgment. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("Nor are the res judicata consequences of a final … judgment on the merits altered by the fact that the judgment may have been wrong.").

Finding no merit in Saabirah El's remaining arguments, we hereby **AFFIRM** the judgment of the district court.