Rockingham
No. 93-758

ROBERT ARSENAULT & a.

v.

DANIEL SCANLON & a.

June 9, 1995

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.,* of Portsmouth (*Francis X. Quinn, Jr.* on the brief and orally), for the plaintiffs.

*Nelson, Kinder, Mosseau & Gordon, P.C.,* of Manchester (*Elaine M. Michaud* and *William C. Saturley* on the brief and *Mr. Saturley* orally), for defendants H. Raymond Kellett, Jr., George Abdallah, Abdallah Construction Corp., Roland Ambiehl, and Real Estate Shop, Inc.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Charles J. Dunn* on the brief), for defendant Daniel Scanlon.

THAYER, J. The plaintiffs appeal the order of the Superior Court (*Goode,* J.) denying their motion to amend their writ. We affirm.

This case commenced when the plaintiffs filed a writ of summons on March 21, 1991. In response to the plaintiffs' writ, the defendants filed numerous motions to dismiss. The superior court denied these motions but twice ordered the plaintiffs to file factual supplements to their original writ. Eventually, on July 20, 1992, the Superior Court (*Brennan,* J.) ruled that the plaintiffs had failed to comply with the prior orders directing them to particularize the specific claims against each defendant and granted the motions to dismiss.

On September 4, 1992, the plaintiffs filed a motion to amend their writ of summons, attaching an amended writ that they alleged satisfied New Hampshire pleading requirements. The defendants objected. On August 16, 1993, the Superior Court (*Goode,* J.) ruled that the dismissal of the action on July 20, 1992, had become final and the case no longer had any legal vitality. As a result, the court denied the motion as it was no longer possible to amend the original writ.

On appeal, the plaintiffs argue that the trial court erred in denying their motion and, alternatively, that the trial court should have treated the amended writ as complying with RSA 508:10 (1983).

█ The trial court has the power to allow "[a]mendments in matters of substance . . . in any action, in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice." RSA 514:9 (1974); *see also* SUPER. CT. R. 26. "It is within the trial court's sound discretion to deny a motion to amend. While amendment of pleadings is liberally permitted, we will not overturn the denial of such a request absent an abuse of discretion." *Belcher v. Paine,* 136 N.H. 137, 148, 612 A.2d 1318, 1326 (1992) (citation omitted).

█ The plaintiffs argue that the trial court's denial of their motion to amend after the action had been dismissed was an abuse of discretion. We do not agree. The trial court's order of July 20, 1992, became a final judgment when the plaintiffs failed to appeal within the required period. SUPER. CT. R. 74. The plaintiffs did not file their motion

to amend until after the order of dismissal had become final. While a trial court may allow a party to amend a writ following a verdict in certain circumstances, *see, e.g., McDermott v. Hayes,* 60 N.H. 9, 9–10 (1880), in this case, where the action had been dismissed and final judgment rendered, the trial court's power to allow amendment to the writ ceased. Accordingly, it was not an abuse of discretion for the trial court to refuse to allow amendment to a writ that had been dismissed.

The plaintiffs' second argument is essentially that even if the amendment was not allowable, the trial court should have considered their motion containing the amended writ as instituting a new action. RSA 508:10 allows a plaintiff, under certain circumstances, to bring a second suit within one year following disposition of a prior action. Assuming that RSA 508:10 applied in this case, *but see ERG, Inc. v. Barnes,* 137 N.H. 186, 189, 624 A.2d 555, 557–58 (1993), the plaintiffs mistakenly contend that their motion was sufficient to institute such an action.

■ The statute authorized the plaintiffs to institute a *new* action. In general, a civil action is commenced when a writ of summons is prepared with the present intention to complete service. *Hodgdon v. Weeks Mem. Hosp.,* 122 N.H. 424, 426, 445 A.2d 1116, 1117–18 (1982), *appeal after remand,* 128 N.H. 366, 515 A.2d 1199 (1986). The plaintiffs made no attempt to serve the amended writ on the defendants and indicated in oral argument that they were awaiting disposition of their motion before filing the new action. Such delays will bar an action where the occurrence of a future event, which is a precondition of service, postdates the statute of limitations. *Id.* at 426–27, 445 A.2d at 1118. In this case, the plaintiffs' motion fulfills none of the statutory prerequisites to instituting a civil action; therefore, it did not constitute a new action pursuant to RSA 508:10.

The plaintiffs' final argument seems to be that even if the trial court properly denied their motion, we should waive any applicable statutes of limitation, *see* RSA 508:4 (Supp. 1994); RSA 508:10, and remand the case to allow the plaintiffs to pursue their claim. Essentially, they argue that their failure to comply with the applicable procedures was due to accident, mistake, or misfortune, and that failure to waive these statutes would result in substantial injustice. *See generally* Preface, SUPER. CT. R. We do not accept this argument. The plaintiffs were given multiple opportunities to perfect their original writ. Under these facts, the superior court rules cannot be used to extend statutory time limits.

*Affirmed.*

All concurred.