Hillsborough-southern judicial district
No. 95-788

<h2 style="text-align:center">RICHARD C. FOLLENDER</h2>

v.

<h2 style="text-align:center">CARL P. SCHEIDEGG</h2>

July 18, 1997

*Nelson, Kinder, Mosseau & Gordon, P.C.*, of Manchester (*Martha V. Gordon* on the brief and orally), for the plaintiff.

*Carl P. Scheidegg*, by brief and orally, *pro se.*

## MEMORANDUM OPINION

BROCK, C.J. The plaintiff, Richard C. Follender, sued the defendant, Carl P. Scheidegg, for unpaid legal fees. The defendant responded with a counterclaim for legal malpractice. Following a pretrial hearing on pending motions, the Superior Court (*Hampsey, J.*) dismissed the counterclaim for failing to provide expert evidence of causation. We affirm.

■ Although we have not previously addressed the issue, we assume without deciding that, at least for the purposes of this case, expert testimony is required to prove proximate cause in a legal malpractice action. *See Harris v. Magri*, 656 N.E.2d 585, 587 (Mass. App. Ct. 1995). *See generally* Annotation, *Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney*, 14 A.L.R.4TH 170 (1982 & Supp. 1996).

■ Relying primarily on *ERG, Inc. v. Barnes*, 137 N.H. 186, 624 A.2d 555 (1993), the defendant argues that the trial court erred in denying him leave to amend his expert witness report to provide evidence of causation. We will uphold the trial court's denial of a motion to amend pleadings absent an abuse of discretion. *Arsenault v. Scanlon*, 139 N.H. 592, 593, 660 A.2d 1110, 1111 (1995).

■ In *Barnes* we reiterated the liberal pleading amendment practice in this State. *Barnes*, 137 N.H. at 189, 624 A.2d at 557. The doctrine of amendment is not, however, limitless. "Once leave to amend has been given, a second action will be precluded where the plaintiff fails to amend or the amendment fails to cure the deficiency." *Id.* at 189, 624 A.2d at 557-58.

Here, the defendant was given ample notice of the deficiency in his pleadings. For instance, by order dated March 13, 1995, the court informed the defendant that he "must present expert testimony respecting the causal link between the alleged negligence and the alleged damages." The court had also specifically notified the defendant that it would "make a determination with respect to these matters following the hearing on all contested pending motions."

On March 1, 1995, the plaintiff filed a motion *in limine* to preclude the defendant's expert's testimony on the issue of proximate cause because the expert did not offer an opinion that the alleged breaches of duty were the proximate cause of any injury to the defendant. The defendant objected to the motion but did not move to amend his

expert's report. Similarly, the defendant objected to the plaintiff's motion *in limine* to preclude claims in the absence of evidence of proximate cause. In his objection, the defendant maintained that granting the motion would be improper. He then proffered the following "solution":

> [The plaintiff] should simply be allowed to further depose [the defendant's expert] after the expert has had the opportunity to review transcripts, or listen to tapes, as the case may be. In any event, at the *trial on the merits* of this malpractice action, both [the defendant] and [his expert] will testify fully informed by the transcripts, tapes, and printed record of the prior proceedings . . . .

On May 2, 1995, the court issued an order on pending motions, in which the court noted that the plaintiff's motions *in limine* were dispositive in nature and would require a hearing. In August 1995, after the hearing, the trial court dismissed the counterclaim, ruling that "[t]he record establishes that [the defendant's] expert has no opinion that [the plaintiff's] conduct caused [the defendant] any injury or damage. Further, [the defendant] has not supplemented his response to expert discovery and apparently declines to do so absent a Court Order."

■ Throughout the pretrial proceedings, the trial court, as it noted in its August 21, 1995, order, "clearly described the requirements of proof in this case." Although the defendant was given numerous chances to provide expert evidence on proximate cause, he failed to do so. Consequently, he "is not entitled to burden the courts and opposing parties with further attempts" to correct the deficiency. *Barnes*, 137 N.H. at 189, 624 A.2d at 558 (quotation omitted). The trial court did not abuse its discretion in denying the motion to amend. *See Arsenault*, 139 N.H. at 593, 660 A.2d at 1111.

■ The defendant's remaining arguments either were not preserved for appeal, *see Dube v. Town of Hudson*, 140 N.H. 135, 138, 663 A.2d 626, 628 (1995), or are without merit, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Consequently, we need not address them.

*Affirmed.*

HORTON, J., did not sit; JOHNSON and BRODERICK, JJ., sat but did not participate in the decision; THAYER, J., concurred; the case is determined by BROCK, C.J., and THAYER, J., pursuant to RSA 490:7.