**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-1576

JOSEPH F. GALIBOIS,

Plaintiff, Appellant,

v.

JOHN FISHER, SERGEANT,
NASHUA POLICE DEPARTMENT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Joseph F. Balibois on brief pro se.
Eric Kane and Devine, Millimet & Branch, PA on brief for
appellee.

March 31, 2006

**Per Curiam**.    Pro se appellant Joseph Galibois appeals the dismissal of his civil rights action by the United States District Court for the District of New Hampshire.    According to his complaint, Galibois's constitutional rights to free expression, due process, and equal protection were violated on the day of the last presidential election when police in Nashua, New Hampshire, interfered with Galibois's campaign demonstration against candidate John Kerry.    The court dismissed the suit as barred by the so-called Rooker-Feldman doctrine.    See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).    We vacate the dismissal and remand for further proceedings.

Two days after the alleged campaign incident, Galibois filed a civil rights suit in New Hampshire Superior Court.    The case was dismissed for failure to state a claim.    No leave to amend was granted and Galibois did not seek to appeal the judgment.    Instead, he abandoned his state court case and filed a new, similar action in federal court on November 24, 2004.    The federal case was dismissed on February 15, 2005.    Galibois now appeals.

Citing Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004) ("Rooker-Feldman applies to state or territorial court judgments to which federal courts would accord preclusive effect."), the lower court first determined that, under New Hampshire law, the state court judgment had preclusive effect

-2-

because Galibois never sought leave to amend the complaint. Since Galibois's federal claims arose "from the same incident and involve[d] the same factual scenario as the claim he alleged in the state court petition," the court concluded that Galibois, in essence, was seeking federal review of the state decision. Such review being beyond the jurisdiction of a federal district court, the court dismissed the case.

Subsequent to the district court judgment, the Supreme Court issued an opinion that "substantially altered [the] understanding of the Rooker-Feldman doctrine." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 19 (1st Cir. 2005). In Exxon-Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521 (2005), the Court made clear that Rooker-Feldman had "sometimes been construed to extend far beyond [its original] contours" to the point that it threatened to supersede ordinary rules of preclusion. Such an expansive reading was contrary to the congressional mandate, under the Full Faith and Credit Act, 28 U.S.C. § 1738, that state law, not a uniform federal rule, should govern the preclusive effect of state court judgments. Lance v. Dennis, 126 S.Ct. 1198, 1202 (2006). Consequently, the Rooker-Feldman rule, henceforth, should be "confined to cases of the kind from which the doctrine acquired its name." Specifically, the doctrine applies only to "limited circumstances" where "the losing party in state court filed suit in federal court after the

state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. at 1526. On the other hand, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" Id. at 1527 (quoting GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993));[1] Lance, 126 S.Ct. at 1202 ("Rooker-Feldman is not simply preclusion by another name"). In other words, Exxon requires this court to examine whether the state court loser who files suit in federal court seeks redress for an injury caused by the state court decision itself or for an injury cause by the defendant. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an

---

[1]The language quoted above is technically dictum, since Exxon dealt with parallel state and federal proceedings. However, since "the Supreme Court went beyond the facts of the case to give clear instructions to the circuits on how to address additional factual situations . . . , [failure to heed this language] would be to ignore these unambiguous directives from the Supreme Court." Todd v. Weltman, Weinberg & Reis, Co., 434 F.3d 432, 437 (6th Cir. 2006).

adverse party, <u>Rooker-Feldman</u> does not bar jurisdiction." <u>Noel</u> v. <u>Hall</u>, 341 F.3d 1148, 1164 (9th Cir. 2003)[2]; <u>see</u> <u>Washington</u> v. <u>Willmore</u>, 407 F.3d 274, 280 (4th Cir. 2005) (holding, post <u>Exxon</u>, that the <u>Rooker-Feldman</u> doctrine does not apply because "[plaintiff's] claim of injury rests not on the state court judgment itself, but rather on the alleged violation of his constitutional rights [by the defendant]"); <u>Todd</u> v. <u>Weltman, Weinberg & Reis, Co.</u>, 434 F.3d 432, 437 (6th Cir. 2006); <u>Jensen</u> v. <u>Foley</u>, 295 F.3d 745, 747-48 (7th Cir. 2002) ("The <u>Rooker-Feldman</u> doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury <u>inflicted by</u> the state court's decision . . . . Preclusion, on the other hand, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously <u>failed</u> to rectify.") (emphasis in original).

In the instant case, Galibois sought relief not from an injury allegedly caused by the state court but from an injury allegedly inflicted by the defendant. That his federal claim alleged injuries similar to those that he raised or could have raised in his state claim, while arguably relevant to preclusion analysis,

---

[2]The Seventh Circuit has suggested the following as a "rough guide" for determining whether the <u>Rooker-Feldman</u> doctrine applied: "if the federal plaintiff was the plaintiff in state court, apply res judicata; if the federal plaintiff was the defendant in state court, apply <u>Rooker-Feldman</u>." <u>Garry</u> v. <u>Geils</u>, 82 F.3d 1362, 1366-67 (7th Cir. 1996).

-5-

does not bring Rooker-Feldman into play. See Noel, 341 F.3d at 1165 (explaining that it was "error" for the lower court to conclude that "because [the same claims] could have been raised in the parties' [state] litigation, or were already specifically addressed in that litigation, the federal claims are barred under Rooker-Feldman").

Turning, then, to the issue of preclusion, we must, pursuant to 28 U.S.C. § 1738, "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). Under New Hampshire law, a dismissal for failure to state a claim has preclusive effect only if the plaintiff is given leave to amend. See, e.g., Cambridge Mutual Fire Ins. Co. v. Crete, 846 A.2d 521, 526 (N.H. 2004). To assure that this requirement has "practical meaning, . . the trial court must allow the plaintiff opportunity to amend the writ before dismissing for failure to state a claim, allowing the plaintiff two chances to state a case before precluding the plaintiff from burdening the courts and opposing parties with further attempts." Id. Although leave to amend may be implicit, Warren v. Town of East Kingston, 761 A.2d 465, 468 (N.H. 2000), Galibois's assertion that the Superior Court gave no implicit, much less explicit, leave to amend is uncontested at this point. Furthermore, once the court dismissed the case and rendered final judgment, the court was

without authority to grant leave to amend even if Galibois had so requested.  Arsenault v. Scanlon, 660 A.2d 1110, 1111-12 (N.H. 1995).  In these circumstances, we cannot say that Galibois was given a "meaningful" opportunity to amend his complaint.  Thus, under New Hampshire law, he presumably had the right to refile his claim in state court within one year of the judgment, N.H. Rev. Stat. § 508:10; Moulton-Garland v. Cabletron Sys., Inc., 736 A.2d 1219, 1220-21 (N.H. 1999).  On this record, then, he is not precluded from bringing a similar suit in federal court.

We need go no further.  The dismissal of the complaint is vacated and the case is remanded for further proceedings.  Costs are to be taxed in favor of the appellant.