# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0241, <u>In the Matter of Ginger Allen and William Allen</u>, the court on March 9, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, William Allen (husband), appeals an order of the Circuit Court (<u>Ryan</u>, J.) dismissing his petition to modify his child support and alimony obligations to the petitioner, Ginger Allen (wife). He contends that the trial court erred by: (1) not assuming that the facts in his petition were true and finding facts in the absence of an evidentiary hearing; (2) denying his motion to amend his petition; and (3) awarding the wife attorney's fees.

We first address whether the trial court applied an incorrect standard of review in dismissing the husband's petition. We assume, without deciding, that this issue is preserved. <u>But</u> <u>see</u> <u>McIntire v. Woodall</u>, 140 N.H. 228, 230 (1995) (rejecting plaintiff's due process argument when hearing was noticed as non-evidentiary, but plaintiff did not object to and participated in evidentiary hearing). In reviewing a motion to dismiss, a trial court must determine whether the allegations in the petition are reasonably susceptible of a construction that would permit recovery. <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. <u>Id</u>. The trial court must assume the truth of the allegations in the petition and construe all reasonable inferences from them in the light most favorable to the nonmoving party. <u>Alward v. Johnston</u>, 171 N.H. 574, 581 (2018).

However, the trial court may also consider documents attached to or referred to by the petition and documents the authenticity of which are not disputed by the parties. <u>Beane</u>, 160 N.H. at 711; <u>see</u> <u>Alward</u>, 171 N.H. at 581. It should also consider information provided by a party without objection. <u>DiFruscia v. N.H. Dept. of Pub. Works & Highways</u>, 136 N.H. 202, 204 (1992). The trial court need not accept allegations in the petition that are merely conclusions of law. <u>Beane</u>, 160 N.H. at 711. Dismissal is appropriate when the facts pleaded do not constitute a basis for legal relief. <u>Id</u>. We review decisions on motions to dismiss <u>de novo</u>. <u>Alward</u>, 171 N.H. at 580.

In this case, in February 2018 the husband petitioned to modify child support and terminate alimony due to a substantial change in his

circumstances. He averred that he had taken a new job for medical reasons and that his previous base pay had been substantially more than his current base pay.

The trial court held a non-evidentiary hearing in December 2018, at which the wife moved to dismiss the petition. She attached to her motion, without objection, nine of the husband's paystubs showing that the husband received substantially more income in January and June 2018 than he alleged his current base pay to be. The husband fails to develop his assertion that these payments were not "income." See State v. Blackmer, 149 N.H. 47, 49 (2003).

Moreover, at the hearing, the husband's attorney confirmed the wife's allegations, stating that the husband had received a raise from his new employer in August 2018, which brought his hourly pay rate within $12 of his previous pay rate, and that he would receive another in February 2019, which would result in an hourly pay rate approximately 19 percent higher than his previous pay rate.

The trial court was entitled to rely upon the unchallenged paystubs and the husband's attorney's representations when determining whether to grant the motion to dismiss. See Beane, 160 N.H. at 711. Regardless of whether the record supported all the findings in the wife's proposed order that the trial court adopted, it did support the trial court's determination that the husband's claim of a substantial change in circumstances "lack[ed] a basis in fact," and the trial court, in granting the motion to dismiss, applied the proper legal standard. See id.

We next address whether the trial court erred by denying the husband's motion to amend his petition. After the hearing on the motion to dismiss, but prior to the order dismissing his petition, the husband sought to add allegations that the wife had recently taken a new position with a salary increase and was no longer in need of alimony. We review a trial court's decision on a motion to amend pleadings for an unsustainable exercise of discretion. Arsenault v. Scanlon, 139 N.H. 592, 593 (1995). To show that the trial court's decision is not sustainable, the husband must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001). A motion to amend may be properly denied if it introduces an entirely new cause of action or calls for substantially different evidence. Pesaturo v. Kinne, 161 N.H. 550, 556 (2011).

In this case, the husband acknowledges that he could file another petition seeking modification on the basis of the wife's increase in income. The trial court could have reasonably declined to allow him to amend the existing petition because he sought to allege an entirely new ground for modification that would require: (1) additional discovery; (2) different evidence; and (3) another final hearing. The husband contends that the award of attorney's fees to the wife

2

"deterred" him from filing a new petition. However, the possibility of an additional award of fees did not depend upon whether he filed a new petition or amended the original one. On this record, we conclude that the trial court's denial of the husband's motion to amend the petition was not untenable or unreasonable. See Arsenault, 139 N.H. at 593.

Finally, we address whether the trial court erred in awarding the wife attorney's fees. We assume, without deciding, that the husband did not waive this issue. See Fam. Div. R. 2.29. New Hampshire recognizes an exception to the general rule that parties pay their own attorney's fees when a party must litigate against an opponent whose position is patently unreasonable. Glick v. Naess, 143 N.H. 172, 175 (1998). A claim is patently unreasonable when it is commenced, prolonged, or defended without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be. Id.

We will not overturn a trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. Vention Med. Advanced Components v. Pappas, 171 N.H. 13, 37 (2018). We defer to the trial court's decision to award attorney's fees. Id. at 38. If there is some support in the record for its determination, we will uphold it. Id.

In this case, as discussed above, the record before the trial court supported its determination that the husband's claim that his income had been substantially reduced "lack[ed] a basis in fact." Accordingly, we conclude that the trial court's decision to award the wife attorney's fees was not unreasonable or untenable. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3