**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0381, <u>Red Horse Stables, LLC v. Mary A. McEachern & a.</u>, the court on January 6, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Red Horse Stables, LLC (Red Horse) and James Foley, appeal an order of the Superior Court (<u>Ruoff</u>, J.), dismissing their claims against the defendants, Mary A. McEachern, Suzanne M. Lundergan, Manette A. Pacheco, and Kristal Trembly, for failing to comply with the court's orders, and for otherwise failing to allege sufficient facts to support the claims and establish jurisdiction. We affirm.

The record in this case is complicated and incomplete, involving numerous motions and other pleadings, many of which have not been provided to us on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (holding that it is the burden of the appealing party to provide this court with a record sufficient to decide the issues on appeal). Although we need not set forth the procedural history of this case in detail, we note the following pertinent facts. On November 19, 2020, Red Horse filed a civil complaint against the defendants, alleging several tort claims. At the same time, pursuant to <u>Super. Ct. R.</u> 20, Foley submitted an affidavit for the purpose of being appointed a non-attorney representative for Red Horse.[1] Over the following months, the parties filed numerous motions and other pleadings, and by early February 2021, the trial court had dismissed paragraphs 5 and 6 of the complaint for failing to state valid claims for relief. On February 23, 2021, the trial court granted Red Horse's motion to amend paragraph 5 of the complaint, and, on February 25, 2021, the court ordered Red Horse to file, within 30 days, "a new, amended complaint – with all amendments to paragraph 5." On April 23, 2021, the trial court granted a motion to strike Foley's appearance as a non-attorney representative for Red Horse.

On June 25, 2021, after the parties engaged in considerable further motion practice, the trial court dismissed the plaintiffs' claims. In so ruling, the court observed that neither plaintiff had complied with its order requiring the filing of a new amended complaint. As a result, the trial court found that it "cannot discern

---

[1] At the onset of this case, Foley was not yet a plaintiff in the matter. He was joined on March 5, 2021, when the trial court granted both his motion to intervene and Red Horse's motion to join him.

specific factual claims, or time frames," and "cannot resolve issues raised by the defendants as they pertain to jurisdictional defenses raised." The court further explained that "[t]he lack of specificity prejudices the [c]ourt's ability to resolve those issues, and the pleadings do not inform the [c]ourt." The court also noted that, despite its order striking Foley's appearance as a non-attorney representative, Foley "continue[d] to file pleadings for Red Horse." Accordingly, the court dismissed the matter "in its entirety for failure to comply with prior orders of the [c]ourt, by failing to file a complaint that alleges facts sufficient to support [the plaintiffs'] claims and establish jurisdiction."

On appeal, the plaintiffs advance several challenges to the trial court's order. First, we consider the plaintiffs' argument that the trial court erred by finding that they had failed to comply with the court's order to file a new amended complaint, "when in fact that amendment had been file[d] and approved by the [c]ourt." We are not persuaded. Contrary to the plaintiffs' assertion, Red Horse's February 15, 2021 motion to amend its complaint — granted by the court on February 23, 2021 — could not constitute compliance with the court's subsequent order, on February 25, 2021, requiring Red Horse — then the only plaintiff — to file a new amended complaint. Indeed, in its February 25 order, the court reaffirmed its dismissal of paragraphs 5 and 6, pending such a filing. Accordingly, we conclude that the record supports the trial court's finding that neither plaintiff complied with its order to file a new amended complaint, and that the trial court did not err by dismissing the plaintiffs' claims based, in part, on this ground. Cf. Arsenault v. Scanlon, 139 N.H. 592, 593 (1995) (affirming dismissal where plaintiffs had failed to comply with court orders to supplement their original writ of summons and particularize the specific claims against each defendant).

Second, we consider the plaintiffs' argument that the trial court erred by finding that Foley continued to file motions and other pleadings on behalf of Red Horse, despite the court's order striking his appearance as a non-attorney representative. Based upon our review of the record, we conclude that it amply supports the trial court's finding. Further, we also conclude that the trial court did not err by denying those motions filed by Foley in contravention of the court's order striking his appearance. See Super. Ct. R. 7.

Third, to the extent that the plaintiffs are arguing that the trial court erred because some of its rulings may have modified its prior rulings, we disagree. "There can be no question of the inherent power of the Court to review its own proceedings to correct error or prevent injustice." Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 203 (2005) (quotation and brackets omitted).

Lastly, the remaining arguments advanced by the plaintiffs are either inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), unresolvable on the record before us, see Red Oak, 151 N.H. at 250, or otherwise

do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993). In reaching our decision, we have considered the arguments advanced by the plaintiffs in their "Supplemental Pleadings," and, as such, the defendants' objection thereto is moot. The defendants' request in their memorandum of law for an award of attorney's fees incurred on appeal is denied without prejudice to their filing a properly-supported motion for such fees pursuant to Supreme Court Rule 23.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
